## MORRIS *vs.* LENOX AND MARTIN.

Plaintiff sued defendant before a justice of the peace on the following account:
"For one horse colt, valued at··········$50
Damages in loss of said colt··········$35——$85."
The Circuit Court subseqently granted a prohibition, on the ground that the justice had exceeded his jurisdiction, the claim not being founded in contract, and the justice not having jurisdiction in actions in *tort* for the amount claimed. *Held:* That the justice had jurisdiction, and that, therefore, the writ of prohibition was improvidently issued.

ERROR to Crawford Circuit Court.

W. V. N. BAY, *for Plaintiff in Error.*

1. The subject-matter was within the jurisdiction of the justice.—Rev. Code, 348.

2. A writ of prohibition will not be allowed where the subject-matter is within the jurisdiction of the subordinate tribunal; if error intervenes, the remedy is by appeal.— *Vide* The People, on the relation of David Keen, *vs.* S. S. Seward, 7 Wend. Rep., 518; 3 Black. Com., 113, 114, n. 29.

3. The defendant might have availed himself of his defence upon the trial in the court below, but having failed to do so, is without remedy.

4. The Circuit Court erred in granting the prohibition, and should have set the same aside on motion of the plaintiff.

5. Prohibition will not lie where the inferior court has only jurisdiction over part of the matter and not of the rest.—2 Hanson's Dig., 1273; 2 T. Rep., 473.

FRISSELL, *for Defendants.*

It is conceded, that if the justice had jurisdiction, the writ of prohibition was improvidently issued.

It is clear that Morris could not sue Lenox in either debt or assumpsit, for the want of an express or implied assumpsit. The action must be in *tort*.

The statute (acts of 1835, p. 348, sec. 5) expressly denies to justices jurisdiction in the actions of detinue and replevin.

The same statute (sec. 3) gives to justices jurisdiction in actions of trespass, and trespass on the case, wherein damages claimed do not exceed fifty dollars.

A writ of prohibition in this case is the appropriate remedy; for it lies from a superior to an inferior court, where the inferior tribunal exceeds its jurisdiction.— 2 Chitty's General Practice, 355, 360.

TOMPKINS, J., *delivered the opinion of the Court.*

Evan Morris commenced a suit before a justice of the peace of Crawford county against Wilson Lenox and Samuel Martin, and filed the account following against them:—

"For one horse colt, valued at_____$50  00

Damages in loss of said colt _____35  00——$85  00."

Judgment was given for Morris, and Lenox and Martin took an appeal to the Circuit Court.

An act of 12th February, 1839, required any person, aggrieved by any judgment rendered by a justice of the peace, before taking an appeal, to make an affidavit before the justice, that he does not take such appeal for the purpose of vexation and delay; but because he considers himself aggrieved by the judgment of the justice. This appeal was taken on the 4th January, 1840. The affidavit was not made as required by law, and when the cause came into the Circuit Court it was dismissed, on the motion of the plaintiff, made on the second day of March next ensuing. It being then too late to take another appeal in due form before the justice, Lenox and Martin applied to the Circuit Court for a writ of prohibition to restrain the justice from any further proceeding in the cause; and a writ was accordingly issued, and Morris appealed, the prohibition being made perpetual.

A writ of prohibition issues from a superior to an inferior court to restrain the latter from exceeding its jurisdiction. (5 Bacon, 446, title, "Prohibition.") The justice clearly had jurisdiction here, and the writ was improvidently issued.

Every man, when he is engaged in a suit, is supposed to know the law. We can't proceed in a law-suit on any other principle. This law, requiring an affidadavit to be filed before an appeal is taken, was passed on the 12th day of March, 1839, and the appeal, in this cause, was taken on the 4th of January next ensuing.

The defendants had time enough to inform themselves of that act, and although it may be a hardship, yet it is one that proceeds from their own negligence, and cannot now be relieved.

The judgment of the Circuit Court, making the writ of prohibition perpetual, must be reversed. The cause will be remanded to the Circuit Court, which court will remand it to the justice of the peace, to be proceeded in according to this opinion.