THE STATE v. BOHANAN, *Appellant.**

1. **Change of Venue:** EVIDENCE.   An application for change of venue must be supported by legal and competent evidence.   Affidavits cannot be used.   But if the applicant offers to call in bystanders to testify orally, he should be permitted to do so.

2. **Murder.**   The court instructed the jury that "if the defendant killed deceased with a pistol or revolver, by shooting him, the law presumes it is murder, in the absence of proof to the contrary." *Held,* error, because the elements of malice, intention, premeditation and deliberation were wholly excluded from the consideration of the jury.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

The following instructions were given for the State:

1.   The court instructs the jury that if you believe from the evidence that defendant, George Bohanan, at and in the county of Phelps, Missouri, and at any time before the finding of this indictment, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, shot and killed William Light, you will find him, said George Bohanan, guilty of murder in the first degree.

2.   The court instructs the jury that the term malice, as used in the indictment, and in these instructions, does not as in its popular sense mean hatred or ill-will, but it means a wrongful act intentionally done, without just cause or excuse.   The term premeditation means thought of beforehand any length of time however short, as where the defendant had time to think, and did think of what he was about to do and then acted.   The term deliberation means in a cool state of the blood, as opposed to a heated state.   If the defendant, in a cool state of the blood, formed a design to kill Light any length of time, however short,

*Decided January 16th, 1882.

before the killing was done, then such killing was deliberately done.

3. The deliberation and premeditation necessary to constitute murder in the first degree need not be proved by direct or positive evidence, may be deduced from the facts and circumstances attending the killing.

4. If Bohanan killed Light with a pistol or revolver by shooting him, the law presumes it is murder, in the absence of proof to the contrary, and it devolves upon the defendant to show from the evidence that he was guilty of a less crime or acted in self-defense.

5. Although the jury may believe from the evidence Light struck the defendant the first blow with his fist, yet if they further find from the evidence that the defendant intentionally brought on the difficulty and provoked Light to make the first assault with the intention of killing him (Light), the jury should find defendant guilty of murder in the first degree.

6. If the jury believe from the evidence that the killing of Light by defendant was done deliberately, premeditatedly and in malice, it is no excuse that defendant was intoxicated or under the influence of liquor at the time. The killing in such case is still murder in the first degree, for it is a settled principle of law that drunkenness is no excuse for crime.

7. The court instructs the jury that the fact of the defendant being upon trial should be taken into consideration to affect the credit of said defendant as a witness in the cause, and the fact that Mary E. Bohanan is the wife of defendant, should also be taken into consideration by the jury for the purpose of affecting her credibility as a witness.

*Pomeroy & Corse* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

## I.

SHERWOOD, J.—Under the provisions of section 1859, R. S. 1879, the truth of the allegations of a petition for a change of venue must be " proved to the satisfaction of the court by legal and competent evidence." Affidavits, therefore, do not meet this requirement of the statute. But the court erred in refusing to permit defendant to support the allegations of his petition by calling bystanders from the audience in the court room to testify orally touching the truth of such allegations.

## II.

The fourth instruction given at the instance of the State, was as follows : " If Bohanan killed Light with a pistol or revolver, by shooting him, the law presumes it is murder, in the absence of proof to the contrary, and it devolves upon the defendant to show from the evidence that he was guilty of a less crime or acted in self-defense." It is scarcely necessary to say the instruction is grossly erroneous. By it all elements of malice, of intention, of premeditation and of deliberation were wholly excluded from the consideration of the jury. All that this instruction required the jury to believe from the evidence was that " Bohanan killed Light with a pistol," and so believing, to find defendant guilty of murder as a matter of course, and as a necessary consequence. We are not prepared to make such an innovation on the criminal law of this State, as the sanctioning of this instruction would require. We reverse the judgment and remand the cause. All concur.