PENFIELD et al., Appellants, v. VAUGHAN et al.

### Division Two, June 18, 1902.

1. **Change of Venue:** APPLICATION FOR: PREJUDICE OF JUDGE. Under Revised Statutes 1899, section 822, providing that, where application for change of venue is made on reasonable notice and sufficient grounds, the venue shall be changed to some county in the same, adjoining, or next adjoining circuit where the causes complained of do not exist, and that, where the application is founded on the prejudice of the judge, a change shall not be awarded if the parties agree on or request the election of a special judge, where an application was made for change of venue on the ground of prejudice of the judge, and no special judge was agreed on or asked to be elected, it was error to order a change to another county in the same circuit, and the fact that the term of office of the judge expired in about a month was immaterial.

2. ———: ORDER IN VACATION: AFFIDAVIT IN LIEU OF BILL OF EXCEP-
TIONS. Where an order is made in vacation, so that there is no
opportunity afforded for excepting or preserving a bill of excep-
tions, an aggrieved party may show by affidavit just what occurred
when the order was made.

3. ———: ANOTHER COUNTY IN SAME CIRCUIT: REFUSAL OF MOTION TO
REMAND. Where, on an application for change of venue on the
ground of prejudice of the judge, he improperly ordered a change
to another county in the same circuit, it was error to refuse a mo-
tion there made to remand the cause.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,*
Judge.

REVERSED AND REMANDED.

*Collier & Jenkins* for appellants.

The judge erred in awarding change of venue to Saline
county, in the same judicial circuit with that of Lafayette
county—the order for such change being founded solely upon
the prejudice of the judge, and such order not stating that
there was a failure to agree upon or to elect a special judge.
City of Kansas City v. Ford, 99 Mo. 91.

*Wm. H. Chiles* and *John Welborn* for respondents.

(1) The change of venue was rightly awarded. The
objections were solely to the alleged prejudice of Judge FIELD,
who had held his last term of court in Saline county, and no
objections were made to Judge DAVIS to whom the case was
sent. The statute provided that the change should be awarded
"to some county in the same, adjoining or next adjoining cir-
cuit, convenient to the parties for the trial of the case, and
where the causes complained of do not exist," which was ab-
solutely true in this instance. Laws 1895, p. 93. (2) There
is no record proper here of the matter, but the supposed record
and affidavits do not show that "the parties agreed upon a
special judge," or that "both parties requested the election of

a special judge," nor do they show that there was an attorney present competent to act as special judge, nor that the requisite number of attorneys was present to elect a special judge, all of which should appear in order that there should be error in the omission to elect a special judge. The affidavit of Mr. Collier, appellants' counsel, shows that instead of wishing to elect a special judge, he took every precaution to prevent that from being done! Yet he complains. Being a matter before the judge in vacation, the presumption would be that there were no other attorneys present than those representing the parties. But the affidavits are fatal to the contention of the appellants. Laws 1885, p. 93; State ex rel. v. McKee, 150 Mo. 233; State ex rel. v. Flournoy, 160 Mo. 324. (3) The award of the change of venue, even if erroneous, can not, however, be reviewed by this court, as there was no bill of exceptions allowed and filed in the Lafayette Circuit Court, to preserve the objections to the action of that court. Nor no bill in the Saline Circuit Court, for that matter, appears in the alleged record. State ex rel. v. McKee, 150 Mo. 241.

SHERWOOD, P. J.—Plaintiffs brought suit in equity and then applied in vacation to HON. R. FIELD of Lafayette county for a change of venue, on account of prejudice of the judge against them; this application was formally sufficient, and due notice of which appears in the following order made on the presentation of the application. This order, made in vacation, ordered a change of venue of the cause on the ground stated, to the circuit court of the county of Saline, which was in the same judicial circuit. The date of this order was November 22, 1898, and Judge FIELD's term of office expired on the thirty-first of December of that year. As recited in the order, $10 was deposited with the clerk, as required by the statute.

On the coming of the cause to the circuit court of Saline county, the defendants severally demurred to the petition.

The plaintiffs herein then filed a motion for an order nunc pro tunc, sustaining the application theretofore made, awarding a change of venue to some county in the adjoining or next adjoining circuit, etc., alleging as grounds therefor:

"1.   Because the circuit court of Saline county, Missouri, has no jurisdiction to hear, try and determine this cause.

"2.   Because the order heretofore made, removing this cause from Lafayette county to Saline county, Missouri, is in violation of the statute in such cases made and provided, and is null and void."

This motion was denied, and plaintiffs excepted. Plaintiffs thereupon filed a motion for rehearing, supported by affidavits, showing that there was no election of a special judge, nor agreements of the parties upon a special judge, while the cause was pending in the Lafayette Circuit Court, and that over the objections of plaintiffs the cause was sent by the order of the then judge to the circuit court of Saline county. Section 822, Revised Statutes 1899, makes provision that where reasonable notice is given, and the application is sufficient, a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit, etc., where the causes complained of do not exist. And the section makes further provision that where the application is founded on the prejudice of the judge, etc., a change of venue shall not be awarded to another county if the parties agree upon a special judge or if they request the election of a special judge. This being the case, inasmuch as the parties neither elected, nor agreed on, a special judge, it was the very plain duty of Judge FIELD to award a change of venue to some county in an adjoining circuit, where the cause complained of did not exist, to-wit, his alleged prejudice, in each county of his then circuit; so that he had no more authority to award a change of venue to the Saline Circuit Court than he had to refuse altogether to award a change.

Under the ruling announced in State ex rel. v. Flournoy, 160 Mo. 324, unless the parties agree upon, or elect a special judge, the cause must be sent to another circuit, where the application is based on the disqualification of the regular judge.

And the fact that Judge FIELD's term of office expired on December 31, 1898, did not enlarge his statutory authority in this regard; he was bound to send the cause to some county in an adjoining circuit, etc., where the cause complained of did *not* exist; but such cause *did* exist in Saline county. It is urged, however, that plaintiffs should have excepted to the action of the judge in awarding a change of venue to Saline county and filed their bill of exceptions; the case of State ex rel. v. McKee, 150 Mo. 233, is cited in support of that statement. The case, however, on which that case was bottomed, arose and was disposed of, *while the Knox Circuit Court was in session,* and, consequently, opportunity was afforded for excepting and filing a bill of exceptions. Not so, however, in the case at bar, since exceptions can not be taken nor a bill preserving the same be presented, signed and filed before a judge *in vacation.* But inasmuch as this could not be done, it was allowable for plaintiffs to present affidavits showing just what occurred in Lafayette county when the change of venue was awarded.

And the transcript filed in the Saline Circuit Court, to-wit, the order changing the venue to that court, showed on its face that the alleged prejudice of the judge was the ground of the order, and, consequently, it was the duty of that judge to have awarded the change to some county in an adjoining circuit. In these circumstances, it was the duty of the trial court in Saline county to have entered an order remanding the cause to the circuit court of Lafayette county.

In consequence of these views, judgment reversed and cause remanded.

All concur.