## THE STATE ex rel. LAREW v. SALE, Judge.

Division One, May 24, 1905.

1. **PROHIBITION: Jurisdiction.** In the main it is correct to say that if the circuit court has jurisdiction to render judgment in the case, the writ of prohibition will not issue. But prohibition may be used to keep a court within the limits of its lawful authority in a given case, and if the record shows that the circuit court has done or is about to do something that it has no lawful power to do in the given case, the writ of prohibition will issue.

2. **DISBARRING ATTORNEYS.** Circuit courts have control over the conduct of attorneys practicing at its bar, and have both statutory and inherent power to disbar one found guilty of professional misconduct.

3. ———: **Conviction of Crime: Suspension.** The circuit court has no authority, under the statute providing for removal from the bar of an attorney convicted of an indictable offense, or his suspension for a limited time, to render a judgment on condition, to-wit, that the person convicted shall be suspended during the pendency of his appeal, and then if the judgment is reversed he is to be restored to membership, and if affirmed the suspension is to become a permanent disbarment.

4. ———: ———: **Pending Appeal.** An attorney who has been convicted of a crime and has appealed from that judgment, cannot, under the staute, be suspended from practicing his profession or removed from the bar, while his appeal is pending.

Prohibition.

WRIT AWARDED.

*King & King* for relator.

*Jacob Klein* and *Charles S. Reber* for respondent.

(1)   If the facts in relation to said William P. Larew set out in the suggestions presented to the circuit court of the city of St. Louis by the Bar Association of that city are such as to warrant said court taking any action whatever in relation to the said Larew, then this writ of prohibition cannot go as prayed for. State ex rel. v. Wood, 155 Mo. 445; Schubach v. McDonald, 179 Mo. 182; Forsee v. Gates,. 89 Mo. App. 584. (2)   The facts so suggested to that court would, if proven to its satisfaction, justify action by it:   First, under the authority conferred by the statutes of the State of Missouri.   In re Kirby, 10 So. Dak. 331; R. S. 1899, secs. 2698, 2699, 2702, 2703, 2705, 2718, 4929. Second, under the power inherent at the common law in all courts of record, to maintain the integrity of the membership of their respective bars..   Bar Ass'n v. Greenwood, 168 Mass. 183; Re Delano, 58 N. H. 5; Ex parte Bramsall, Cowp. 825; In re Davies, 93 Pa. 120; State ex rel. v. Winton, 11 Ore. 456; In re Weare, Court of Appeals, 1893, 2 Q. B. 437; Penobscot Bar v. Kimball, 64 Me. 154; State ex rel. v. Mullins, 129 Mo. 237; State ex rel. v. Harber, 129 Mo. 281; State ex rel. v. Fort, 178 Mo. 520.

VALLIANT, J.—Relator is a licensed attorney at law, authorized to practice in the courts of this State. On June 29, 1904, he was convicted in the circuit court of the city of St. Louis of the crime of embezzlement, and sentenced to a term of two years in the penitentiary.

In due time, on his application, the circuit court granted him an appeal with stay of proceedings, and admitted him to bail on his recognizance with sureties.

That appeal is now pending in this court. In January, 1905, a committee of the Bar Association of St. Louis, a corporation having for its object, among others, "the maintenance of the honor and dignity of the profession of the law, the promotion of legal science and the administration of justice," instituted proceedings in the circuit court, the object of which was the suspension of the relator from the practice of his profession and his removal from the bar of this State. The charge preferred against him was that he had been convicted of embezzlement and sentenced to a term of two years in the penitentiary. The petition in that case also stated that he had appealed from the judgment and that the appeal was pending in the Supreme Court. On the filing of that petition the circuit court entered of record an order that the relator appear at a certain time and show cause "why he should not be suspended from the practice of his profession and be removed from the bar of this State."

On the petition of the relator filed in this court, praying that a writ of prohibition issue directed to the judge of the circuit court having charge of the disbarment suit, prohibiting him from proceeding in the matter pending the appeal in the criminal case, a preliminary rule was issued, to which return has been made, in which the facts above stated are admitted, and in which it is also stated that the petition in the disbarment case did not ask nor did the respondent propose to decree the final disbarment of the relator pending the appeal, but only, if the proof should justify it, to suspend him from practice for the time being, the suspension to end in case the sentence in the criminal case should be reversed and to become a permanent disbarment only in case it should be affirmed. The return also sets forth certain views of the law which the respondent is advised are applicable to the case.

The cause is submitted for judgment on the pleadings.

I.   The first proposition contained in the brief for respondent is that if under the facts stated, the circuit court had jurisdiction to render any judgment at all in the case, the writ of prohibition should not issue. That is in the main a correct proposition.   [State ex rel. v. Wood, 155 Mo. 425.]   The fact that it would be error for the court to render a certain judgment which the relator fears it is about to render is not in itself a sufficient reason for the issuance of such a writ.   The presumption is that the court will not render a wrong judgment in a case of which it has jurisdiction, and that it will not render any judgment at all except a judgment of dismissal in a case of which it has no jurisdiction.   Ordinarily, therefore, even when the petition in the circuit court states no case within its jurisdiction, until the court takes some action indicating a purpose to entertain jurisdiction, a writ of prohibition will not issue, because the presumption must be indulged that when the case comes up for action the circuit court will dispose of it on the ground that it has no jurisdiction. And it is not every case in which the court erroneously decides that it has jurisdiction that calls for a writ of prohibition.   The writ of prohibition, in spite of the frequent use to which it has in late years been put, is still an extraordinary writ and issues only when sound judicial discretion commends it; in that view it is not a writ of right.

On the other hand, whilst the main office of the writ is to keep the court to which it is addressed within the bounds of its jurisdiction, yet, in the exercise of the discretion above referred to, the writ is sometimes used to keep a court from doing what it has no lawful authority to do in a case the general nature of which is within its jurisdiction.   This court in reference to an order of a circuit court made in a contested election case per BARCLAY, J., said: "If the court had no lawful authority to make it, that is to say, if the order was beyond the power of the court in the pending election contest,

the writ of prohibition would undoubtedly lie, notwith-
standing the court might have general jurisdiction
over election contests, and hence over the subject-
matter of the proceeding. For it is settled law that
prohibition may be used (upon a proper showing) to
keep a court within the limits of its lawful authority in
a given case, no less than to prevent cognizance of
causes not committed by law to its jurisdiction." [State
ex rel. v. Slover, 126 Mo. 652, l. c. 655.]

In 16 Ency. Pl. and Pr., p. 1111, it is said: "The
writ is not confined to cases where the lower court has
no jurisdiction at all, but extends to cases where the
court, having jurisdiction of the suit, exceeds its legit-
imate powers, as, for example, where a court exceeds
its powers by appointing a receiver improperly." In
support of which, among other authorities cited, is,
Railroad v. Wear, 135 Mo. 230.

But in the use of this writ care must be taken not
to allow it to be employed as a mere substitute for an
appeal or writ of error; the danger of such misuse is
avoided in the exercise of the discretion above men-
tioned.

It is, therefore, not a conclusive answer to the re-
lator's petition to say that the circuit court has juris-
diction of disbarment proceedings, because if the record
shows that the court has done or is about to do some-
thing that it has no lawful power to do in the given
case, the writ is not improperly invoked. That is just
what the circuit court has indicated a purpose to do,
if the relator's view of the law as to his status in the
criminal case is correct.

The petition in the circuit court is not addressed
to its general jurisdiction over attorneys at law prac-
ticing at its bar, but it is founded on a particular stat-
ute without which the court has no authority to take the
particular action therein prescribed and within which
alone it can render the particular judgment therein di-

rected. Therefore, nothing that may be said in this opinion is designed to impair the authority of the court in respect of its control over the conduct of attorneys practicing at its bar and its power to disbar one found guilty of professional misconduct. That is an authority inherent in the courts and it is essential to their efficiency in the administration of justice. Courts of necessity lean upon the members of the bar for advice and assistance, and rightfully repose trust and confidence in them, and therefore it is absolutely essential that the standard of integrity of the bar should be preserved to a height not less than that of the bench itself. To preserve that standard of integrity it is necessary that the courts should have the power to disbar unworthy members in the legal profession, and that they can do by virtue of their inherent power, even if there was no statute giving such power.

II. Section 4924 confers on the courts power to remove or suspend from practice an attorney in these words: "Any attorney or counselor at law who shall be guilty of any felony or infamous crime, or improperly retaining his client's money, or of any malpractice, deceit or misdemeanor in his professional capacity, may be removed or suspended from practice, upon charges exhibited and proceedings thereon had, as hereinafter provided."

Then follows other sections of the statute prescribing the procedure to be observed when charges of misconduct are preferred and a trial is to be had and then comes: "Sec. 4929. *Removal or suspension without trial.* If the charge allege a conviction for an indictable offense, the court shall, on the production of the record of conviction, remove the person so convicted, or suspend him from practice for a limited time, according to the nature of the offense, without further trial."

The proceeding in the circuit court against the relator is based on the section last quoted, and if the relator is within its terms, the record of conviction fur-

nishes the only evidence that can be considered; the court has no discretion except to decide whether the penalty shall be suspension for a time or permanent disbarment. When cited, as he has been, to show cause why he should not suffer the penalty prescribed in that section, he will not be allowed to say that he is not guilty; no evidence to show that he did not commit the crime alleged will be heard.

The power of the Legislature to make the conviction in the criminal case conclusive evidence of guilt in this proceeding is not disputed, but the fact that it is conclusive is to be considered when we are to decide what is meant by conviction in the connection in which that word is used in that statute. Does it mean conviction in the circuit court regardless of the fact that an appeal has been taken and the cause is pending in this court? If so, then the relator may be disbarred while his appeal is pending and be thereby forever deprived of his means of making a living, yet this court may decide that his conviction was illegal and in the end he may be entirely acquitted. It is suggested that if he should in the end be acquitted the power is in the court that disbarred him to reinstate him. That may be, but even then he is to a great degree at the mercy of the court, and if it should refuse to reinstate him his condition would be hard.

In the return it is said that the petition in the circuit court does not ask, neither does the court intend to do more than suspend the relator from practice pending the appeal, the suspension to end if the judgment of conviction in the criminal case is reversed and to become a permanent disbarment if it is affirmed.

The petition seems to follow very closely the language of the statute; it does not charge that the relator has in fact been guilty of misconduct, but only that he has been convicted, and the prayer is that he be cited to show cause "why he should not be suspended from the practice of his profession and removed from the

bar of this State.'' The petition in terms asks the court to do the utmost that the statute authorizes it to do; and the citation which the court issued was in effect a call to show cause why the full limit of the law should not be imposed. There was no intimation either in the petition or the citation that any middle ground was to be given.

But in fact the court has no authority under the statute to render a judgment on condition as indicated in the return.

Does the statute under discussion mean that a conviction in the circuit court, regardless of the appeal, shall be sufficient ground to disbar an attorney?

Our statute expressly provides for appeals from final judgments in the trial courts in criminal cases. [Sec. 2696, R. S. 1899, and following.]    Section 2698 prescribes the condition on which an appeal may operate to stay execution of the judgment, that is, when the court is of the opinion that there is probable cause for the appeal or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon and shall make an order directing that such appeal shall operate as a stay of proceedings on the judgment. That was done in this case and in addition thereto the relator was released on bail and is now free to go about his business subject only to the call of the Supreme Court to answer its judgment. No part of the judgment of the circuit court can be put into execution while the appeal is pending and undisposed of; even the costs of the case cannot be levied out of his property. Since the effect of the appeal and the order to stay its execution is to so suspend the judgment that no direct force can be given to it, how can it with reason be said that an indirect effect of a very serious character inflicting it may be irreparable injury may nevertheless be given to it?

This question has been considered by the Supreme Court of California and also that of South Dakota, in

cases almost identical in their facts with the case at bar and under statutes very similar to ours. The California court held that the appeal so suspended the judgment in the criminal case that the attorney was not liable to be disbarred as for a conviction of a crime, while the South Dakota court took a contrary view. [People v. Treadwell, 66 Cal. 400; In re Kirby, 10 S. D. 331.]

We are of the opinion that the relator cannot be suspended from practicing his profession or removed from the bar under the terms of section 4929, Revised Statutes 1899, while his appeal is pending in the Supreme Court, and while the order staying execution is in force.

The writ of prohibition is therefore awarded as prayed, without costs.

All concur.