For the reasons herein stated, the judgment of the circuit court, granting a new trial, is affirmed. All concur.

---

STATE OF MISSOURI, Respondent, v. GRANT, Appellant.

St. Louis Court of Appeals, March 19, 1907.

1. JURISDICTION: Special Judge: Bill of Exceptions Signed After Term of Office Expires. Where on the granting of a change of venue in a criminal case the judge of another circuit was called in to try the case and he, after judgment and appeal therefrom, extended the time for filing bill of exceptions and before the time expired his term ended, his subsequent signing of the bill of exceptions was not the proper authentication of it. He was not a special judge within the meaning of sections 2595 and 2596, Revised Statutes 1899, and his authority over the case terminated with the tenure of his office..

Appeal from Dunklin Circuit Court.—*Hon. James E. Hazell*, Judge.

AFFIRMED.

*W. R. Satterfield* for appellant.

*H. S. Hadley* for respondent.

124 App.—9

NORTONI, J.—The defendant was convicted on a charge of selling liquor in violation of the local option law in Dunklin county, and appeals to this court. It will be unnecessary to go into the merits of the case inasmuch as under a recent decision of the Supreme Court, the merits are not preserved for review by a properly authenticated bill of exceptions. The facts out of which this conclusion of law arises are as follows: Upon the defendant being indicted, he applied for and was granted a change of venue from the judge of the circuit court of Dunklin county, Hon. James L. Fort. Dunklin county is parcel of the Twenty-second judicial circuit, and under the provisions of section 2597, Revised Statutes 1899, which authorizes the judge presiding to call in a judge of some other circuit of the State, when no person will consent to try the case after having been elected special judge for that purpose, Judge Fort called in Judge James E. Hazell, who at the time was the duly qualified and acting judge of the Fourteenth circuit, and the trial was had in Dunklin county, Judge Hazell presiding on the bench of Judge Fort. At this trial before a jury, had during the May term, 1904, of said court, and on the 31st day of May, the defendant was convicted. His motions for new trial and in arrest of judgment, duly filed, were overruled, and the court, Judge Hazell presiding, granted the defendant leave to file his bill of exceptions at a date after the adjournment of said court, which leave for filing the bill was afterwards duly extended. During the interim, after the adjournment of the court and prior to the signing of the bill of exceptions, the commission of Judge Hazell as judge of the Fourteenth judicial circuit expired and he became a private citizen. His successor in office, Hon. William H. Martin, being duly elected and qualified, entered upon the discharge of his duties as judge of the Fourteenth circuit on Monday, January 2, 1905, and the bill of exceptions being finally prepared and

agreed to by counsel, was within the time or leave granted, and in proper form, presented to Judge Hazell for his approval, signature, etc., whereupon (after his commission as judge of the Fourteenth circuit had expired and he had been succeeded by Judge Martin) Judge Hazell approved and signed the bill, ordered it filed and to become a part of the record, etc.

On this state of facts, it is argued that there is no properly authenticated bill of exceptions before us, inasmuch as Judge Hazell's authority and jurisdiction over the case existed only in virtue of his office as Judge of the Fourteenth circuit and not by the authority of his being called in to try the cause as was held in the case of a special judge elected for the purpose, under sections 2595 and 2596, Revised Statutes 1899, in which last-mentioned case it has been determined that the special judge retained jurisdiction of the cause even after the appeal had been decided and the cause remanded. [See State v. Sneed, 91 Mo. 552, 4 S. W. 411.] The proposition advanced seems to have the approval of the Supreme Court in the very recent case of State v. Gordon, 196 Mo. 185, 95 S. W. 420, wherein it was asserted that it is only in virtue of the office of judge of the circuit court that the judge called in, as in this instance, is authorized to proceed in the case. Or, in other words, it was pointedly adjudged that the authority of such judge over the case terminated with his tenure of office and the acts of Judge Samuel C. Davis, who had been called to preside under like circumstances and under the same statute by Judge Robert A. Anthony in extending the time for filing a bill of exceptions, etc., were validated only because of the fact that Judge Davis had been re-elected as his own successor and was at the time of making such orders, still vested with judicial authority, not in virtue of his having been called to preside under the statute, but rather in virtue of his continuing authority as judge of the foreign circuit be-

cause of his re-election.    And that opinion seems to indicate that had Judge Davis been succeeded by another judge in his circuit, the judge so succeeding, would, under section 731, Revised Statutes 1899, be the proper person to sign the bill, notwithstanding he had no knowledge of the case, just as would have been his duty had the trial been had before Judge Davis in a court of his circuit.    Such is the opinion given by that court, if we understand it.    The case is in point here and under our Constitution it is controlling authority on this court and conclusive of the question presented.    Were the question open, we might incline to the view that the statute under which Judge Hazell was called in and under which he acted is in its nature remedial and therefore should receive a liberal construction in connection with the two preceding sections *in pari materia* in advancement of the remedy, for there is sound reason for liberality of construction where the object is to secure an authentic record of facts and proceedings to be presented in the appellate court, from a judge who has accurate and positive knowledge of what occurred in the trial below, and there seems to be no sound reason for a technical and strict construction, in aid of consistency, as against the broad principle underlying the contemplated accuracy of the bill on such appeal.    [Shugart v. Miles, 125 Ind. 445; State ex rel. Renfro v. Wear, 129 Mo. 619.]    Under such a liberal construction, it seems that we might hold the authority of Judge Hazell arose out of his selection and call under the statute and that the fact of his being a circuit judge dispensed with the requirement of his taking the oath prescribed under the preceding section, which is required only when one is selected who is not a circuit judge, and under this view, his authority would continue with the case until its final disposition, as was held under the two preceding sections in State v. Sneed, supra.    But the whole matter is foreclosed to this court, by the Gordon Case, 196 Mo. 185,

and our views are therefore unimportant. From what has been said, it is apparent that there is no properly authenticated bill of exceptions before us presenting the merits of the case by an authorized judge of the court, and therefore those matters will not receive consideration. [Roberts v. Jones, 148 Mo. 368, 49 S. W. 985.]

2. The appellant has leveled no objections against the record. All of the arguments addressed to this court pertain to the merits and matters of exception which were attempted to be preserved in the bill, nevertheless we have looked into the record, as it is our duty to do under the statute in criminal cases, and find no reversible error therein. For the reasons given, the judgment will be affirmed. It is so ordered. *Bland, P. J.,* in the result, and *Goode, J.,* concur.