BRYANT ROBERTSON, APPELLANT, v. CARL R. McFARLAND, RESPONDENT.
—87 S. W. (2d) 1067.

Kansas City Court of Appeals. November 12, 1935.

*Pettijohn & Eiser* for appellant.

*A. F. Harvey* for respondent.

CAMPBELL C.—Plaintiff brought this suit seeking to recover damages for the breach of a contract. This record proper discloses that the cause was tried on October 17, 1933, before Hon. D. D. REEVES, Judge of the fourth judicial circuit, of which Nodaway county is a part, and a jury; and that the jury returned a verdict in favor of the defendant. From a judgment entered upon the verdict, the plaintiff has appealed.

The respondent has called attention to the fact that the bill of exceptions, set forth in the plaintiff's abstract of the record filed in this court, was signed by Judge REEVES on February 9, 1935, and that at that time Hon THOMAS A. CUMMINS was the duly elected, qualified and acting judge of the fourth judicial circuit. We judicially know that Judge CUMMINS was elected judge of the fourth judicial circuit at the election in November, 1934; that he duly qualified and was acting as such judge of the Nodaway County Circuit Court in January and February, 1935. [State ex rel. Seibert, 32 S. W. 670, 130 Mo. 202; Mayes v. Palmer, 103 S. W. 1140, 206 Mo. 293; Swavey v. Boyers, 71 S. W. (2d) 110.]

Section 1012, Revised Statutes 1929, provides that in any case where the judge who heard the cause is not in office at the time the bill of exceptions is presented that such bill, if correct, shall be signed "by the succeeding or acting judge of the court where the case was heard." Under the provisions of this section Judge REEVES was without authority to authenticate the bill of exceptions. [State v. Grant, 124 Mo. App. 129, 100 S. W. 1113; State v. McLain, 18 S. W. (2d) 16.]

The sole assignment of error relates to the action of the court in directing a verdict for the defendant. In the absence of a bill of exceptions we cannot consider the assignment, nor can we consider any matter of exception. The plaintiff does not claim that there is error in the record proper. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.