STATE OF MISSOURI at the relation of the KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Relator, v. MARION D. WALTNER, Circuit Judge of the Independence Division of the Circuit Court of Jackson County, Missouri, Respondent.—No. 37566.

STATE OF MISSOURI at the relation of the KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Relator, v. MARION D. WALTNER, Circuit Judge for the Independence Division of the Circuit Court of Jackson County, Missouri, Respondent.—No. 37575.

STATE OF MISSOURI at the relation of MASSACHUSETTS BONDING & INSURANCE COMPANY, a Corporation, R. L. WILLIS and GARRETT A. WALSH, Relators, v. R. B. BRIDGEMAN, Judge of the Circuit Court of Clinton County, Missouri, Respondent.—No. 37724.

STATE OF MISSOURI at the relation of MASSACHUSETTS BONDING & INSURANCE COMPANY, a Corporation, R. L. WILLIS and GARRETT A. WALSH, Relators, v. R. B. BRIDGEMAN, Judge of the Circuit Court of Clinton County, Missouri, Respondent.—No. 37725.—169 S. W. (2d) 697.

Division Two, March 25, 1943.

1022

*Charles L. Carr, Carl E. Enggas* and *Paul Barnett* for Kansas City Public Service Company, relator; *Watson, Ess, Groner, Barnett & Whittaker* of counsel.

*Madden, Freeman & Madden* for Massachusetts Bonding & Insurance Company et al., relators.

*Schultz & Bodney, Walter A. Raymond, C. W. Prince* and *C. R. Leslie* for Marion D. Waltner, respondent.

*Cross & Cross, C. W. Prince* and *Walter A. Raymond* for R. B. Bridgeman, respondent.

BOHLING, C.—The above entitled four original petitions seek our prerogative writ of prohibition. Honorable Edward A. Barbour, Jr., was appointed Special Commissioner to take testimony and make findings of fact and conclusions of law and report. Our Commissioner recommended in his reports of July 9, 1942, that the preliminary writ in each case be made permanent; submitting two reports—one in the proceedings in which the Kansas City Public Service Company is the relator (our docket Nos. 37,566 and 37,575), the other in the proceedings in which the Massachusetts Bonding & Insurance Company et al. are the relators (our docket Nos. 37,724 and 37,725). The several proceedings were heard together and the bill of exceptions filed here is in excess of 3000 pages. Certain issues in each of the several proceedings are basically the same legalistically. For instance, each involves the application or applications for a change of the Judge (sometimes designated for the substitution of another judge) of the Circuit Court of Jackson County at Independence on behalf of the litigants-defendant in the several actions nisi. Sec. 2121, R. S. 1939. Cf. Sec. 1058, R. S. 1939. (The statutory and common designation, "change of venue" or "change of venue from the judge" have been considered misnomers in that such applications technically do not seek a change of venue of the trial. Consult State ex rel. McAllister v. Slate (Banc), 278 Mo. 570, 576(I), 214 S. W. 85, 87(I), 8 A. L. R. 1226; State v. Mitts (Mo.), 29 S. W. (2d) 125 [1].) Respondents present a number of attacks against the sufficiency and the timeliness of each application for a change of the Judge.

They also assert, among other things, that prohibition does not lie. In Nos. 37,724 and 37,725, in which the Massachusetts Bonding & Insurance Company et al. are relators and in each of which causes a change of venue was granted nisi by the Circuit Court of Jackson County at Independence to the Circuit Court of Clinton County, respondent Bridgeman, Judge of said Clinton County Circuit Court, asserts that, the causes of action being transitory, said relators entered their appearance in the Circuit Court of Clinton County, advancing a number of contentions therefor, and in effect waived any issue with respect to the jurisdiction of the said Clinton County Circuit Court. We have reviewed the abstracts of the records, the statements, briefs and arguments of counsel filed in each proceeding as well as the pertinent portions of the bill of exceptions and believe the causes may be disposed of at this time without burdening the opinion with the multitudinous details of the record and without extending the opinion to rule certain issues that have become moot. As it appears it will be necessary in any event to consider respondent Bridgeman's contentions that the relators involved in the causes of action pending in the Clinton County Circuit Court entered a general appearance in each of said causes, we take up the facts and contentions presented in connection with Nos. 37,724 and 37,725, including the granting of the change of venue to said County. In so doing we are mindful of and here state our adherence to our rulings that when a statutory application for a change of the Judge is filed said Judge "has power only to determine whether the application is in due form and in due time, and if it is, to see that the proper steps are taken to substitute another judge"—he may not pass on his own qualifications: State v. Bailey, 344 Mo. 322, 328, 126 S. W. (2d) 224, 227[5], citing cases. However, we first briefly state the objective involved in the causes in which the Kansas City Public Service Company is relator.

The proceedings in which the Kansas City Public Service Company, a corporation, is relator seek to prohibit the Honorable Marion D. Waltner, Circuit Judge for the Independence Division of the Circuit Court of Jackson County, Missouri, from taking any further action or exercising any further jurisdiction in three actions for damages against said corporation pending in said court. Relator, as stated, filed in each of said cases an application for a change of the Judge, alleging it could not have a fair and impartial trial because said Judge was prejudiced against said relator. Sufficient for the present, said applications were overruled. The instant proceedings are upon the theory said Judge is about to exceed his jurisdiction in taking further action in said causes.

The cases in which Massachusetts Bonding & Insurance Company, a corporation, R. L. Willis and Garrett A. Walsh are relators and the Honorable R. B. Bridgeman, Judge of the Circuit Court of Clinton County, Missouri, is respondent, arose out of two separate actions,

also for damages, instituted against said relators as defendants in the Circuit Court of Jackson County, Missouri, at Independence, Honorable Marion D. Waltner, Judge. In one of said actions, known in the record as the Trinastich case, George Trinastich and Emily Trinastich are plaintiffs. In the other, known as the Kassebaum case, L. M. Kassebaum is plaintiff.

In each of said actions an application or applications for a change of the Judge was filed alleging that the relator (filing the same) or the relators could not have a fair and impartial trial because said Judge was prejudiced against said relator or relators, and that the plaintiff had an undue influence over the mind of said Judge et cetera. While relators' applications were pending, George Trinastich in the Trinastich case and plaintiff in the Kassebaum case filed their respective applications for changes of venue from the county on the ground defendant Massachusetts Bonding & Insurance Company had an undue influence over the inhabitants of Jackson County, Missouri. These several applications were disposed of on January 31, 1941, by Judge Waltner. First, he overruled relators' several applications based on his prejudice. Exceptions were noted. Plaintiffs' applications for changes of venue were thereupon taken up and considered together. Relators filed in each case counter affidavits refuting the respective plaintiff's application. (See Sec. 1062, R. S. 1939, quoted infra.) No objection was made to said counter affidavits. Plaintiffs offered in support of their applications, over objections interposed and motion to strike, with exceptions saved, a number of affidavits. The court then granted plaintiffs' applications in the respective cases, relators excepting, and transferred both causes to the Circuit Court of Clinton County, Missouri. Thereafter, on February 14, 1941, upon plaintiffs' motion, and over objections, with exceptions saved, the order in the Kassebaum case was set aside to permit plaintiff to amend the application in a matter considered not material in the instant proceeding and the order was again entered.

After unsuccessful efforts to have the Circuit Court of Clinton County remand the respective causes to the Independence Division of the Circuit Court of Jackson County, relators instituted the instant proceedings upon the theory, among others, that Judge Waltner in transferring said actions exceeded his authority and Judge Bridgeman in threatening to proceed on the merits was likewise exceeding his powers.

Other facts deemed material will be developed in the discussion of specific issues.

The foregoing suffices as a general outline.

 *Right to writ.* In each of the four instant prohibition proceedings respondents contend our prerogative writ may not be invoked to review an order granting or refusing a change of venue or a change of the Judge. They stress State ex rel. Kochtitzky v. Riley

(Banc, 1907), 203 Mo. 175, 192(II), 101 S. W. 567, 570(2), wherein,. in denying a permanent writ in prohibition after considering the trial court would be within its jurisdiction in granting an application for a change of the Judge in a proceeding involving the incorporation of a drainage district; i. e., that such a proceeding was a "civil suit" within the meaning of our change of venue statute (Sec. 818, R. S. 1899, now Sec. 1058, R. S. 1939), we said: "It is not the purpose of the writ to correct errors of the trial court. . . . If the court whose action is complained of acts within its jurisdiction, the writ of prohibition will not lie, however erroneous the action may be which the superintending tribunal is asked to prohibit." They also cite State ex rel. Brady v. Evans (Banc, 1904), 184 Mo. 632, 641(II), 644, 83 S. W. 447, 449(2), which appears to be a bit out of line with other, including later, rulings but is not controlling here; State ex rel. Alderson v. Moehlenkamp (Div. II, 1896), 133 Mo. 134, 139, 34 S. W. 468, 469. Expressions to like effect may be found in many cases, early (Morris v. Lenox (1843), 8 Mo. 252) as well as late (see West's Digest (Mo. Ed.), Prohibition, Key No. 3).

Relators present an extensive review of proceedings in prohibition in Missouri. They point out that the writ issues to prevent a tribunal having judicial or quasi-judicial powers from exercising jurisdiction when it has no jurisdiction whatsoever (State ex rel. Anheuser-B. Brewing Ass'n v. Eby (Banc, 1902), 170 Mo. 497, 520, 71 S. W. 52, 60; Howard v. Pierce (1866), 38 Mo. 296, 300) or when such tribunal, having jurisdiction, nevertheless undertakes to exceed the jurisdiction possessed (State ex rel. Page v. Terte (Banc, 1930), 324 Mo. 925, 933, 25 S. W. (2d) 459, 462[4]; Dahlberg v. Fisse (1931), 328 Mo. 213, 223, 40 S. W. (2d) 606, 610[11, 13]; State ex rel. Schoenfelder v. Owen (1941), 347 Mo. 1131, 1139[2], 152 S. W. (2d) 60, 64[1]. The distinction between an absolute lack of jurisdiction and an excess of jurisdiction is more readily recognized than the distinction between an excess of jurisdiction and an error in the exercise of jurisdiction. A want of jurisdiction or an excess of jurisdiction may be corrected by appeal or writ of error. Where the excess with respect to power may be corrected by a resort to other procedure, the issuance or withholding of the writ has been said to rest in the exercise of a sound judicial discretion. State ex rel. McCaffery v. Aloe (Banc, 1899), 152 Mo. 466, 483, 484, 54 S. W. 494, 498; State ex rel. Ellis v. Elkin (1895), 130 Mo. 90, 109(2), 30 S. W. 333, 337(2), 31 S. W. 1037; State ex rel. Larew v. Sale (1905), 188 Mo. 493, 496 (I), 87 S. W. 967(1); State ex rel. Bernero v. McQuillin (Banc, 1912), 246 Mo. 517, 532 (a), 152 S. W. 347, 351(a); State ex rel. Warde v. McQuillin (Banc, 1912), 262 Mo. 256, 266(a), 171 S. W. 72, 74(a). Consistent with the discretion to be exercised, a policy of inclusion and exclusion has been adopted in arriving at the issuance or withholding of the writ in each particular exigency and no

hard and fast rule has been established as to what constitutes an "excess of jurisdiction" for issuing the writ where other remedies are available. We review a few cases wherein a permanent writ issued and cite others.*

In State ex rel. Dunlap v. Higbee (Banc, 1931), 328 Mo. 1066, 1076, 1079, 1080, 43 S. W. (2d) 825, 829, 830, 832, Judge Knight, of the Mercer Circuit Court, had disqualified himself in a cause and called in Judge Higbee. It was considered that a judge who was disqualified to hear a case was without authority to select the judge who should try the case; that authority vested in a judge to call in another judge to hold part of a term of court did not authorize the calling of another judge to try a particular case; and our provisional rule in prohibition was made absolute. We said (l. cs. 1070 and 826, respectively) that the record did not present a question of jurisdiction, but of error, and that our provisional rule having issued, we would determine the question.

In State ex rel. Renfro v. Wear. (1895), 129 Mo. 619, 31 S. W. 608, Judge Wear, by an order of the court, disqualified himself as judge in a prosecution against his son for murder and called in Judge Riley, but upon Judge Riley appearing at the proper time and place and accepting the call, Judge Wear declined to vacate the bench and adjourned court to a later day, when a special judge was elected. Considering "Judge Riley was the only judge who could lawfully hear and try the cause" prohibition issued against Judge Wear and the special judge.

In State ex rel. Sawyer v. Kelly (1932), 330 Mo. 143, 148[2], 48 S. W. (2d) 864, 866[2], the court, in a criminal proceeding threatened to examined the five affiants who had given affidavits in support of a

---

*Consult, among others, State ex rel. McAllister v. Slate (Banc, 1919), 278 Mo. 570, 214 S. W. 85 (stating l. c. 577 and 87, respectively, State ex rel. Renfro v. Wear, supra, to be "upon principle conclusive"), annotated, 8 A. L. R. 1226; State ex rel. Anheuser-B. Brewing Ass'n v. Eby (Banc, 1902), 170 Mo. 497, 526(5), 71 S. W. 52, 62(5); State ex rel. Lentz v. Fort (Banc, 1903), 178 Mo. 518, 527, 77 S. W. 741, 744; State ex rel. National Refining Co. v. Seehorn (1939), 344 Mo. 547, 558, 127 S. W. (2d) 418, 425; State ex rel. Mueller v. Wurdeman (Banc, 1921), 232 S. W. 1002, 1004[4]; State ex rel. Kaiser v. Miller (1926), 316 Mo. 372, 384, 289 S. W. 898, 904(8, 9); State ex rel. Bixman v. Denton, 128 Mo. App. 304, 314, 107 S. W. 446, 448; State ex rel. Home Owners Loan Corp. v. Bird, 232 Mo. App. 652, 654, 110 S. W. (2d) 386, 387[3]; State ex rel. Busby v. Cowan, 232 Mo. App. 391, 395, 107 S. W. (2d) 805, 808[7, 8]. Annotation, L. R. A. 1917F, 911.

Note also remarks with respect to power and authority in some of the cases upon appeal. Douglass v. White, 134 Mo. 228, 34 S. W. 867; Edmonds v. Scharff, 279 Mo. 78, 87(II), 213 S. W. 823, 825(II); State v. Meyers, 322 Mo. 48, 51, 14 S. W. (2d) 447, 448[1]; State v. Mitts (Mo.), 29 S. W. (2d) 125; State ex rel. Scott v. Smith (Banc), 176 Mo. 90, 97, 107, 75 S. W. 586, 587, 107.

The following habeas corpus proceedings: Ex parte Bedard (1891), 106 Mo. 616, 626, 17 S. W. 693, 695; Thompson v. Sanders (Banc, 1934), 334 Mo. 1100, 70 S. W. (2d) 1051.

change of venue alleging prejudice of the inhabitants of the county against defendant. Affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county are, by statute, sufficient proof of such prejudice in counties of less than 75,000 inhabitants. Our preliminary rule was made permanent on the ground: ". . . respondent . . . exceeded his jurisdiction by, sua sponte, ordering subpoenas for the affiants and by threatening to hold an inquiry to determine the fact of whether prejudice in fact existed in the county against defendant."

State ex rel. Judah v. Fort (Banc, 1908), 210 Mo. 512, 109 S. W. 737. An act of 1907 (Laws 1907, p. 209) created an additional division, to be known as Division Two, of the criminal court of Jackson County, vesting authority in the Judge of Division One, whenever the business of the court required, to notify the Judge of Division Seven of the circuit court of said county to open said Division Two of said criminal court and proceed with the business thereof. Section 8 of the Act provided for allowing a change from one division to the other upon an application for a change of the Judge of the division to which the application was made. Relator Judah, as defendant, filed such an application against the Judge of Division One at a time when Division Two was not in existence, the Judge of Division One not having required such assistance. The Judge of Division One called in Judge Fort of Stoddard County to try the case ▇▇▇▇ and not the Judge of Division Seven. A majority of this court considered that Division One was required to transfer the cause to Division Two; that Judge Fort was threatening to exercise jurisdiction not rightly possessed; and that our preliminary rule should be made absolute.

State ex rel. Larew v. Sale (1905), 188 Mo. 493, 496, 87 S. W. 967, 968, states: "On the other hand, whilst the main office of the writ is to keep the court to which it is addressed within the bounds of its jurisdiction, yet, in the exercise of the discretion above referred to, the writ is sometimes used to keep a court from doing what it has no lawful authority to do in a case the general nature of which is within its jurisdiction."

▇▇ *Excess of jurisdiction.* Among the several attacks against the order changing the venue of the Trinastich and Kassebaum cases to the Circuit Court of Clinton County, Honorable R. B. Bridgeman, Judge, is the contention that said order was in excess of the jurisdiction of the court presided over by Judge Waltner because no evidence was heard. The material portion of Sec. 1062, R. S. 1939, reads: "in all cases in counties in this state which now have or may hereafter have a population of more than 75,000 inhabitants and wherein the removal is asked on the ground of objections to or prejudice of the inhabitants of such county and the adverse party or parties shall have filed counter affidavit controverting the objection to or the

prejudice of the inhabitants of the county, the court shall hear evidence on the issue and determine the same on the merits of such evidence, and if such issue is determined in favor of the applicant for the change of venue, the change shall be awarded, as hereinbefore provided.''

At the consolidated hearing on the plaintiffs' applications for changes of venue following the filing of the counter affidavits on behalf of relators, plaintiffs tendered in evidence certain affidavits. Specific objections, followed by a motion to strike, were interposed to the affidavits, embracing among others and briefly put, the grounds that said affidavits did not constitute evidence, were hearsay, and deprived relators of all opportunity of cross-examination et cetera. No evidence was heard. It has been stated many times that the right to a change of venue is statutory. The court then can grant a change of venue only when the petitioner is proceeding within the meaning of the statute. The quoted provisions of Sec. 1062 are explicit. They call for a hearing of evidence and a determination based upon such evidence; i. e., competent evidence heard under circumstances affording the adverse party, for the protection of his rights, those safeguards the law guarantees, including an opportunity for cross-examining the witness heard as well as the introduction of evidence in his own behalf. State v. Bohanan (1882), 76 Mo. 562, 564, ruled: ''Under the provisions of Section 1859, R. S. 1879, the truth of the allegations of a petition for a change of venue must be 'proved to the satisfaction of the court by legal and competent evidence.' Affidavits, therefore, do not meet this requirement of the statute.'' Consult Eudaley v. Kansas City, F. S. & M. Rd. Co., 186 Mo. 399, 405, 85 S. W. 366, 367; Gerhart Realty Co. v. Weiter, 108 Mo. App. 248, 253(3), 83 S. W. 278, 279(3).

This record presents a change of venue granted without hearing any and not after hearing the evidence. We think the court exceeded the statutory authority conferred in changing the venue of the Trinastich and Kassebaum cases to Clinton County.

 *Sufficiency of counter affidavit.* One of the attorneys made the counter affidavit in each of the cases nisi on behalf of relator Massachusetts Bonding & Insurance Company. The plaintiffs presented no issue with respect to said affidavits. They and the court considered the affidavits sufficient and undertook to conduct the hearing contemplated by Sec. 1062, supra. Respondent now asserts said affidavits were insufficient to present any issuable fact because not made by a ''party'' to the suit, that is, by the president, vice-president, secretary, treasurer, or general manager, some chief executive or administrative officer of the corporate party, the affidavit of an agent or attorney being insufficient. An intelligent understanding of respondent's position calls for a detail of statement.

Respondent points out that in 1895 the following proviso was added when now Sec. 1062 was repealed and reenacted: "Provided, that if the removal is asked on the ground of objections to the inhabitants of the county, and the adverse party shall have ▬▬ filed a counter-affidavit controverting the objections to the inhabitants of the county, the court shall hear evidence on the issue and determine the same on the merits of such evidence; and if such issue is determined in favor of the applicant for the change of venue, the change shall be awarded as hereinbefore provided" (Laws 1895, p. 93; R. S. 1889, Sec. 2262; R. S. 1899, Sec. 822); that Sec. 2261, R. S. 1889, authorizing "any party" to present a petition for a change of venue, required "and he shall annex thereto an affidavit to the truth of the petition, and that he has just cause to believe that he cannot have a fair trial on account of the cause alleged" and was amended in 1899 (Laws 1899, p. 110; Sec. 2261, R. S. 1889; Sec. 821, R. S. 1899) so as to permit "any party, *his agent or attorney*" to present said petition and make said affidavit. (now Sec. 1061); that, prior to said amendment of 1899, Sec. 2261, R. S. 1889, was construed to require the affidavit to be made by the party in person (citing, among others, Huthsing v. Maus, 36 Mo. 101, 107(1); Jaffray v. Claflin Co., 119 Mo. 117, 125 (2), 24 S. W. 761, 763(2). Respondent reasons that since the General Assembly had before it then Sec. 2262, R. S. 1889, as repealed and reenacted in 1895, and failed to change said section so as to authorize an agent or attorney to make the "counter affidavit" when now Sec. 1061 was amended in 1899 so as to permit an agent or attorney to make the affidavit for a change of venue, the legislative intent was to authorize the making of the affidavit for a change of venue by the party or his agent or his attorney while requiring the counter-affidavit to be made by the party in person.

The cases relied upon by respondent involved individual litigants. While Jaffray v. Claflin Co., supra, speaks of "Jaffray & Co.," said party in other portions of the opinion is referred to in the plural and in the title in the official report as "Jaffray et al., appellants." The record filed here shows "Jaffray & Co." was a partnership. St. Louis, Oak Hill & Carondelet Ry. Co. v. Fowler, 113 Mo. 458, 469, 20 S. W. 1069, 1071, decided in 1892, prior to the authorization of an affidavit by an agent or attorney, observed: "In our opinion the application for a change of venue by a corporation may be verified by any officer or agent of the corporation." See also Corpenny v. Sedalia, 57 Mo. 88, 91, 92. It is difficult to conceive of a distinction justifying a discrimination between parties to a change of venue controversy which relieves the party having the affirmative from restrictions exacted of the party having the negative. So viewed, the General Assembly must have considered, subsequent to the quoted observation in St. Louis, O. H. & C. Ry. Co. v. Fowler, supra, that the counter affidavit (Sec.

1062) on behalf of a corporation could be made by its authorized agent or attorney.

Section 1062, R. S. 1939, differs materially from Sec. 2261, R. S. 1889, in that said Sec. 2261 explicitly contemplated that *the party shall annex an affidavit* to the truth of the petition and *that he has just cause to believe* et cetera, whereas the proviso of Sec. 1062 contains no requirement with respect to who shall make the counter affidavit, the requirement reading "the adverse party or parties shall have *filed* counter affidavit." Respondent makes no complaint, and we think could not successfully complain, of the filing by the attorney. Except where otherwise provided by statute, an authorized attorney having knowledge of the facts generally may make affidavits on behalf of corporate clients with respect to judicial proceedings wherein he acts as the chief functionary of the corporation.

We hold that relator's counter affidavits called for judicial action.

█ *Waiver.* Respondent asserts relators, by the proceedings and actions mentioned infra, waived any issue as to lack of jurisdiction of the Circuit Court of Clinton County and presents several subdivisions of said principal contention for consideration. Respondent relies mainly upon and stresses cases of which State ex rel. Pacific Mutual Life Ins. Co. v. Grimm, infra, is illustrative. Relators claim, among other things, the procedure to be within the holdings of Mertens v. McMahon, infra.

After the cases reached the Circuit Court of Clinton County, the attorneys for relators filed pleas in each cause on March 24, 1941, "denying that this court has jurisdiction of the parties hereto or the subject-matter hereof, and, appearing solely for the purpose of this plea and for none other," prayed for orders "striking the filing of this cause from the records of this court, quashing all proceedings herein, and holding that this court is without jurisdiction of this cause." On April 7, 1941, entries were made in the Trinastich case to the effect that defendant Massachusetts █ Bonding & Insurance Company and defendants Walsh and Willis filed separate pleas to the jurisdiction and motions to remand, and answers. (We think it would be too harsh a rule to justify to hold, as respondent in effect asks us to hold in a portion of his presentation, that obtaining leave, if leave were obtained by relators, to contest jurisdiction constituted a waiver of the jurisdiction contested.) On said April 7 relators filed in each cause pleas similar to the pleas filed March 24, but in more detail, and prayed for orders remanding the causes to the Circuit Court of Jackson County, Missouri, at Independence. It is well to remember that relators' applications for changes of the Judge in the Circuit Court of Jackson County at Independence had been overruled, and that relators' said pleas and motions filed in the Clinton County Circuit Court embodied issues with respect to respondent's jurisdiction based on the overruling of relators' said applications for changes of

the Judge, matters not essential to a determination of the instant issue. Relators' pleas were overruled and these proceedings followed.

State ex rel. Pacific Mut. Life Ins. Co. v. Grimm, 239 Mo. 135, 171(II), 143 S. W. 483, 494[3], was a proceeding in prohibition involving an action instituted in the circuit court of St. Louis on an insurance policy. The defendant appearing specially, did not answer, filed a motion which "not only asked that the service and return had therein be quashed, but it also asked that the petition filed be dismissed because of matters of defense entirely outside of the record which it alleges do not exist, and as to which it tenders issues by a verified plea, and which, if heard upon their merits, would require the introduction of evidence to establish their truthfulness, which could not be done if the court had no jurisdiction over the person of the defendant." The court said: "The tender of those matters of defense or abatement which do not appear in the record proper, and which challenge the right of plaintiff to maintain an action on this policy in this state, no matter how the summons was served, would be a waiver of the right to have the return quashed, even if such right had never existed." This was held to constitute a general appearance in the case and to give the court jurisdiction over the person of defendant.

Mertens v. McMahon, 334 Mo. 175, 66 S. W. (2d) 127, omitting details, was an action instituted in Gasconade County, where the facts showed "legal, if not actual, fraud in obtaining the presence of defendant [a resident of St. Louis] in Gasconade County and then getting service on him in this case" (l. c. s 187 and 132). The defendant filed a combined plea to the jurisdiction, appearing specially, and answer (l. c. s 180 and 128). We held the court should have sustained defendant's plea to the court's jurisdiction (188 and 132); and, among other things, that joining a plea to the jurisdiction with an answer, where the question of jurisdiction relates to jurisdiction over the person and involves matter not shown by but dehors the record, and preparing for trial on both issues and, after the overruling of the plea to the jurisdiction, participating in the trial on the merits did not waive the issues presented in the plea to the jurisdiction, defendant all the while maintaining the court to be without jurisdiction over his person and asking no affirmative relief.

We think relators' procedure is sanctioned under Mertens v. McMahon. The want of jurisdiction did not appear upon the face of the record. It had to be raised by pleading the facts. State ex rel. Pacific Mutual Life Ins. Co. v. Grimm, 239 Mo. 1. c. 165, 173, 143 S. W. 1. c. 492, recognizes the right in such circumstances to join a plea to the jurisdiction with an answer. The instant relators were challenging respondent's jurisdiction all the while. Their appearances were special for that purpose. Manifestly they were not waiving the challenge to the jurisdiction. Consult State ex rel. Union El.

L. & P. Co. v. Sevier, 339 Mo. 732, 737[3], 98 S. W. (2d) 980, 982[3]; State ex rel. Rakowsky v. Bates (Mo. App.), 286 S. W. 420, 422[6]. Without expressing an opinion on the right to be heard on the merits where a plea to the jurisdiction is not combined with an answer, relators had the right to question the jurisdiction. We think it not improper for a court acquiring jurisdiction under special statutory provisions to inquire *sua sponte* into the proceedings for jurisdictional purposes. We find no answer in State ·ex rel. v. Grimm, supra.

What we have said may be sufficient, but as we view it the instant proceedings involve more than jurisdiction over the person. Relators, nisi as well as here, challenged respondent's jurisdiction over the cause of action, the subject-matter and the person of the relators. A party appearing generally in a court of origin having general jurisdiction over the subject-matter usually confers jurisdiction over his person. The Circuit Court of Clinton County is a court of general jurisdiction. It, however, possesses no such general jurisdiction over a particular cause of action, and the litigants thereto, instituted and pending in Jackson county. It may acquire jurisdiction thereover upon a proper change of venue. This right to a change of venue is purely statutory. Consult, among others, Heather v. Palmyra, 311 Mo. 32, 42(IV), 276 S. W. 872, 875[5]. Consequently, with respect to matters involved in the change of venue proceedings the power and authority of courts are of a limited rather than a general nature. This is not a holding that litigants may not so proceed as to subject themselves to judgments rendered by a court to which a cause is wrongfully transferred upon a change of venue from the county of origin. Coffee v. Carthage, 200 Mo. 616, 629, 98 S. W. 562, 565. The cases relied upon by respondent do not establish that the steps taken by relators in the circumstances of record waived their right to question the propriety of the change of venue and the jurisdiction of respondent. The issue differs materially from cases involving jurisdiction over the person of a defendant by a court of general jurisdiction in whch the particular action originated. It was the duty of respondent to purge his docket of the causes and to remand them to the Circuit Court of Jackson County at Independence. Penfield v. Vaughan, 169 Mo. 371, 375, 69 S. W. 303, 304; State ex rel. Scotland County v. Bacon, 107 Mo. 627, 634, 18 S. W. 19, 21; State v. Bailey, 344 Mo. 322, 328, 126 S. W. (2d) 224, 227[4]. It is evident that two appeals might be necessary for relators' protection. The facts are undisputed that the change of venue was granted without hearing evidence, contrary to the authority conferred by Sec. 1062. Accordingly, our writ of prohibition is made permanent in our docket Nos. 37724 and 37725, our preliminary writ having issued. State ex rel. Mueller v. Wurdeman (Banc), 232 S. W. 1002, 1004[4].

We judicially know that the Honorable John R. James is now the duly appointed, qualified, and acting judge of the Circuit Court of Jackson County, Missouri, at Independence, and that Judge Waltner is not now a judge of the Circuit Court of Jackson County. Robertson v. McFarland, 229 Mo. App. 1116, 1117, 87 S. W. (2d) 1067, 1068[1], citing cases. The applications for a change of the judge in each of the causes of action nisi sought to disqualify Judge Waltner on account of bias and prejudice and were, of course, personal to Judge Waltner. They in no way involved his successor. Issues respecting Judge Waltner's disqualifications to preside at the several trials have become moot. On the authority of State ex rel. Winkleman v. Westhues (Banc), 269 S. W. 379, the proceedings in which the Kansas City Public Service Company is relator, our docket Nos. 37566 and 37575, are dismissed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.