# THE STATE v. DOWNS, Appellant.

164    471
97a  1301

### Division Two, November 12, 1901.

1. **Special Judge: SELECTION BY AGREEMENT: CRIMINAL CASES.** Under the Constitution and statutes of this State, attorneys for the defendant charged with felony, and the prosecuting attorney, may, when the regular circuit judge has "received physical injuries," and "is unable to preside and try the cause," agree in open court upon a member of the bar to hold court and try the cause, by filing their agreement to such selection, and thereupon such special judge has jurisdiction of the case.

2. ———: ———: ———: **DIFFERENT STATUTES.** Sections 1679, 1683, 2594 and 2595, Revised Statutes 1899, must all be read together, and are held not to be repugnant, but to apply to criminal cases as well as to civil ones. Sections 1679 and 1683 are general in their scope and provide for every contingency in which a regular judge is incapable of holding court, and are broad enough to embrace criminal as well as civil cases, and the enactment of sections 2594 and 2595 does not restrict them to civil cases, but all these section are *in pari materia*. And reading them all together they give ample authority for the selection of a special judge by agreement of parties to try a criminal case where the regular judge is disqualified from holding his court because of relationship to the parties or because incapacitated by sickness or enforced absence.

3. ———: ———: **CONCURRENCE OF REGULAR JUDGE.** The record showing that the special judge was selected in open court and the agreement of the parties to such selection was filed while the regular judge was yet on the bench in the presence of the parties, it is *held*, that the selection met with his concurrence and approval.

4. ———: ———: **BY ATTORNEYS: BINDING ON DEFENDANT.** It is competent for the attorney for defendant in a criminal case to agree in writing, in the name of the defendant, upon a member of the bar to act as special judge for the trial of the cause, and defendant is bound by such agreement.

Appeal from St. Francois Circuit Court.—*Hon. D. L. Rivers,* Special Judge.

AFFIRMED.

*M. W. Huff* and *R. C. Tucker* for appellant.

(1)   There was no statutory authority in the circumstances for the election of a special judge, and hence the court was without jurisdiction to try said cause.   R. S. 1899, sec. 2595.   (2)   The record fails to show that the election as made was approved by the court, and hence the election was incomplete, and the sitting judge had no jurisdiction.   (3) The election under this section must be made by the defendant himself and can not be made by his attorneys.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)   The written agreement fails to state what section was proceeded under, but recites facts sufficient to authorize the agreement.   The fact that the record recites a surplus fact would not annul the order; the only question being to determine whether the parties had the right to agree.   (2)   When the agreement has been entered into, and the disability of the regular judge exists at the time of the agreement, the defendant will be bound as well as the State.   State v. Wear, 145 Mo. 162.   Defendant had ample time and opportunity to object to trial by the special judge.   That trial could not have been avoided except by the regular judge, but he did not see proper to do so.   State v. Hopkirk, 84 Mo. 278; State v. Taylor, 134 Mo. 109; State v. Bronstine, 147 Mo. 520.   (3)   This court has frequently held that appellant can not take advan-

tage in the appellate courts of an error induced by him in the trial court. In other words, that he can not take advantage of his own error. So far as the record discloses, defendant is as much responsible for the selection of the special judge in this case as the State. It may be that he first suggested that a special judge be agreed upon. Certainly, he can not now complain unless some manifest prejudicial error be shown.

GANTT, J.—The defendant was indicted for robbery, in the circuit court of St. Francois county. Being a poor person the court appointed counsel to conduct his defense. An application for continuance was filed and the cause set for December 10, 1900.

The record in this case then shows that on the thirtieth day of November, 1900, the following order was made of record:

"State of Missouri, Plaintiff,
   "v.
 "Arch Downs, Defendant.

   "Indictment for robbery, first degree.
   "The regular judge of this court, James D. Fox, having received physical injuries, is hereby unable to preside and try this cause and by reason of such injuries will necessarily be absent, at his home, in an adjoining county during its trial; whereupon, W. L. Hensley, prosecuting attorney of St. Francois county, appearing for the State and R. C. Tucker and Merrifield W. Huff, appearing as counsel for defendant, in open court, agree upon D. L. Rivers, Esq., one of the attorneys of this court, possessing all the qualifications of a circuit judge, to preside and hold the court for the trial of this cause, and herewith file their agreement of the selection of said

D. L. Rivers as special judge, as provided by sections 1679 and 1683, Revised Statutes 1899, which agreement is as follows:

" 'State of Missouri, Plaintiff, v. Archibald Downs, Defendant.

" 'In the Circuit Court of St. Francois county, Missouri.

" 'Now at this day comes the State of Missouri by the prosecuting attorney of St. Francois county, and also comes the defendant by his attorneys, and the said plaintiff and defendant hereby agree that, whereas, the judge of this Twenty-seventh circuit can not be present on the day on which this cause is set for trial; therefore, Hon. D. L. Rivers may sit as special judge to try the said cause.

" 'ARCHIBALD DOWNS, Defendant.
" 'By R. C. TUCKER,
" 'MERRIFIELD W. HUFF, His Attorneys.
" 'W. L. HENLEY, Prosecuting Attorney.' "

On the tenth day of December, 1900, the record proper recites the filing of a plea to the jurisdiction of the court, which was overruled, but the plea itself does not appear in the transcript and we know nothing of its contents. The cause proceeded to trial before the special judge, and defendant was convicted and sentenced to the penitentiary for five years. In due time he filed his motion for a new trial and in arrest, which were overruled.

On this appeal no stress is laid upon any alleged error save that Mr. Rivers, a member of the bar, was selected as special judge without the authority of law and that he had no jurisdiction to try the case. So far as this record discloses no

objection was made to the mode adopted for selecting a special judge to serve on account of the disability of Judge Fox until the motions for new trial and in arrest were filed. Conceding that these motions were timely, was the selection of the special judge without authority of law and all his acts void?

The Constitution of this State, section 29 of article 6, provides: "If there be a vacancy in the office of judge of any circuit, or if the judge be sick, absent, or from any cause unable to hold any term or part of a term of court, in any county in his circuit, such term or part of a term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit, any term of court or part of term in his circuit may be held by the judge of any other circuit, and in all such cases, or *in any case where the judge can not preside,* the General Assembly shall make such additional provision for holding court as may be found necessary."

By section 1679, Revised Statutes 1899, under the title "Courts of Record—Circuit Courts," the General Assembly, in obedience to this mandate, has provided that: "Whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, or if the judge is interested or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason can not properly preside in any cause or causes pending in such court, *and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes,* the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion." And by section 1683 of the same chapter it is further provided: "The parties to an action may agree upon one of the attorneys of the

court to preside and to hold the court for the trial of such action, who shall possess the qualifications of a circuit judge, and while so presiding shall have all the powers and be liable to all the responsibilities of the circuit judge."

It will be observed that this chapter and the above-quoted provisions deal with the jurisdiction of the circuit courts and make provision for supplying judges of said courts when by reason of sickness or otherwise the regularly elected or appointed judge, can not preside at any term, part of term or in any cause. The provisions of this chapter are nowhere restricted to civil procedure alone. The circuit courts of the State have both criminal and civil jurisdiction and the evident purpose of the Constitution and these statutes made in pursuance thereof is to provide at all terms of these courts judges to preside therein.

Counsel for defendant insist that section 1683 applies exclusively to civil cases and inquire, if it does not, what was the necessity of enacting section 2595, Revised Statutes 1899. As counsel suppose that the last-named section discloses a purpose to restrict section 1683 to civil cases only, reference must be had thereto.

Sections 2594 and 2595 are:

"Sec. 2594. *When judge deemed incompetent to try case.*—When any indictment or criminal prosecution shall be pending in any circuit court or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause in either of the following cases: First, when the judge of the court in which said case is pending is near of kin to the defendant by blood or marriage; or, second, when the offense charged is alleged to have been committed against the person or property of such judge, or some person near of kin to him by blood or marriage; or, third, when the judge is in anywise interested or prejudiced, or shall have been counsel in the

cause; or fourth, when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial."

"Sec. 2595. *Special judge may be elected, when and how.*—Whenever, in any criminal cause, the defendant shall make application under oath, and supported by the affidavit of two or more reputable persons, not of kin or counsel for the defendant, to the truth of the allegations in such application for a change of venue, *for any of the reasons stated in the next preceding section,* it shall be lawful for the judge to hear and determine such application; or whenever it shall be within the knowledge of the court or judge *that any of the causes enumerated* which disqualify him in any case exist, the defendant and prosecuting attorney may by agreement in writing, with the concurrence and approval of the court, elect some attorney at law, who possesses all of the qualifications of a judge of the circuit court, as special judge in said cause:   Provided, nothing in this act shall be so construed as to authorize the election of any attorney as special judge who is near of kin to the defendant or judge of such court by blood or marriage, or when the offense is alleged to have been committed against the person or property of said attorney, or some person near of kin to him, or when said attorney is in anywise interested or prejudiced, or shall have been of counsel in the case."

These two sections being *in pari materia* and by their terms referring to each other, must of course be read together to ascertain the mind and will of the Legislature.   The first declares what facts shall render a judge incompetent to try a cause, and the second provides for the selection of a special judge when the regular judge is, for the causes enumerated in section 2594, disqualified, to avoid a change of venue which

would otherwise necessarily result, in the absence of such legislation. But it will be observed that section 2595 by its terms provides for the election of the special judge only when the reasons stated in section 2594 exist or *"for the causes enumerated."*

The legislative mind was directed to changes of venue and an effort to avoid the costs and delays attendant upon the removal of causes from the county in which the offense was committed.

There is no conflict between those sections and sections 1679 and 1683, above quoted. The latter are general in their scope and provide for every contingency in which the regular judge is incapable of holding his court, whether by reason of his incompetency on account of his relationship to the parties, his sickness, or enforced absence, and is broad enough to and does embrace criminal as well as civil causes, whereas, sections 2594 and 2595, by their terms relate to criminal cases only and to the grounds for a change of venue therein stated and to prevent the same if the prosecuting attorney and the defendant will agree upon a competent attorney to try the same with the concurrence and approval of the court. These sections must be read in connection with sections 1679 and 1683 and full effect given to each unless the latter are so repugnant to the former that they can not be reconciled. We find no such repugnancy. This court ruled in Bank v. Graham, 147 Mo. 250, that the inability of the regular judge to preside was the *"indubitable* predicate" of the right of parties in a civil case to agree upon a special judge, and the same principle obtains as well in a criminal cause, but with that prerequisite read into section 1683 we see no reason why it should not apply to a criminal case as well as a civil action.

Did the necessary condition precedent exist in this case which justified the selection of a special judge by agreement of the parties?

The record recites that "the regular judge of this court, James D. Fox, having received physical injuries is hereby unable to preside and try this cause and will necessarily be absent, whereupon the counsel for the prisoner and the prosecuting attorney agree upon D. L. Rivers, Esq., as special judge to try the same, and thereupon he took the oath required by law of the circuit judge." If the concurrence and approval of the regular judge be deemed necessary, we hold that the order entered by Judge Fox, while yet on the bench in the presence of the parties, shows his concurrence and approval of record.

Was it competent for the attorneys of the defendant to agree upon the special judge? The record contains the written agreement of the defendant by his counsel. There is a general concurrence of authority that subject to the rule that an attorney can not compromise his client's case, any agreement or stipulation which appears in the progress of a cause to be necessary or expedient for the advancement of his client's interests, may be made for his client by an attorney. In Ohlquest v. Farwell, 71 Iowa, 233, the Supreme Court of Iowa said, "The choice of proceedings, the manner of trial, and the like, are all within the sphere of his general authority, and, as to these matters, his client is bound by his action." Especially is this true when such stipulations are entered into in open court. If this were not true the most hurtful consequences must often ensue. We think it was competent for the counsel for defendant to make this stipulation in behalf of defendant and that he is bound thereby.

As no other error is insisted upon and we have discovered none ourselves, the judgment is affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.