THE STATE ex rel. GALLIVAN et al. v. BRADLEY, Judge.

**In Banc, February 26, 1906.**

1. **ATTORNEY: Elected Judge: Bill of Exceptions.** A circuit judge who has become such since the trial of a cause in which he was attorney for one of the parties is incompetent to sit in the case thereafter for the purpose of settling the bill of exceptions without the express consent of the parties, except to order the election of a special judge.

2. ———: ———: ———: **Election of Special Judge.** Where the circuit judge had been counsel for one of the parties at the trial and was, therefore, after his election, incompetent to sit

in the case for the purpose of settling the bill of exceptions, except to order the election of a special judge, the appellant must take steps to have a special judge elected during the life of the order extending the time for filing the bill and while the court is in session. The application for the election of the special judge made during the vacation of the court, even though made within the life of the order, is not sufficient.

Mandamus.

PEREMPTORY WRIT DENIED.

*R. M. Robertson* and *J. W. Suddath* for relators.

Taking the admitted facts in this cause, as shown by the pleadings and by the record of the respondent made in chambers and filed by him in this court, relators now say the peremptory writ should be allowed. State ex rel. v. Phillips, 97 Mo. 331; State ex rel. v. Lutz, 136 Mo. 640; State ex rel. v. Conrad, 147 Mo. 654; High's Ex. Legal Remedies (2 Ed.), part 1, secs. 200, 201, 246, 251, 253. Respondent's decision overruling relators' motion to have time extended was in the following language: "I don't think I have got any right to extend the time. The court thinks he has no jurisdiction to act as judge in this case and under the law he has no authority or right to extend the time for filing bill of exceptions." This decision was made immediately after relators had introduced evidence showing their diligence in the matter, and after respondent's attorney then and there stating, "We stand square on the question of jurisdiction." And when relators, immediately after the above ruling, filed their motion for special term, the attorney for defendant in said cause and for respondent herein, then in his argument to respondent objected to said motion being sustained "for the reason that he has no jurisdiction under the law, and has no right to act in this case or pass upon the necessity of a special term, and would have no right to call one in any event." Respondent then stated, in passing upon said motion,

"The question is, whether I have got a right to do this. Motion overruled." These relators now contend that under the law the respondent has no right to evade or deny his record caused to be made by him in chambers and to now attempt to shield himself behind the principle of discretionary right as he tries to do in his return in this case. 13 Ency. Pl. and Pr., 534, 537, 570, 573, 576, 589; Medlin v. Taylor, 101 Ala. 239; State ex rel. v. Laughlin, 75 Mo. 366. The fact that respondent had been attorney in the case up to the time he was elected judge was no excuse for his acts and rulings. He should have been more lenient and less arbitrary with relators whom he had just quit fighting as a lawyer in the same case. High's Ex. Legal Remedies (2 Ed.), part 1, sec. 255; State v. Collins, 5 Wis. 339; Ex Parte Dickson, 64 Ala. 188; State v. Parker, 12 Wash. 685; Ins. Co. v. Comstock, 16 Wall. (U. S.) 270. Respondent should not now be permitted to deny what the issue was before him, nor why he refused relators' request, nor by any subterfuge evade his record made at the time. He called his court stenographer to make the record; it was made by him. He has filed it himself in this court, and it must now speak for itself. Parol evidence cannot now be permitted to contradict it. 20 Am. and Eng. Ency. Law (1 Ed.), 502; Smith v. Brannon, 13 Cal. 107. When an insufficient reason is assigned for a refusal to do a thing, then even discretion may be controlled by mandamus. Ins. Co. v. Cleveland, 76 Ala. 321; Adamson v. Lafayette County Court, 41 Mo. 226; State v. Oliver, 50 Mo. App. 217; 13 Ency. Pl. and Pr., 528, 529. These relators contend that when they asked respondent for extension of time in which to complete and file their bill of exceptions, there was no good reason why it should have been refused them; they were placed in an embarrassing position by reason of respondent's being attorney against them in their case up until something over two months, before; there had been no lack of diligence on their part, as the rec-

ord filed in this court by respondent himself clearly
shows, and it further shows that both respondent and
his attorney conceded that fact at the time said record
was made, and that respondent refused extension of
time for the reason, "the court thinks he has no juris-
diction," and for that reason alone.

*Chas. E. Morrow* and *R. T. Railey* for respondent.

(1) Respondent was disqualified from taking any
action whatever in the premises. State ex rel. v. Wof-
ford, 111 Mo. 526; Dist. v. Jamison, 176 Mo. 572.   (2)
Ample provision has been made by the Legislature for
the protection of relators in preserving their rights,
had they or their counsel made any effort to proceed
under the law. Secs. 1679, 1682, 1683, R. S. 1899; Lacy
v. Barrett, 75 Mo. 469; Barnes v. McMullins, 78 Mo.
268; State v. Building, 105 Mo. 211; State ex rel. v.
Bacon, 107 Mo. 627; Bank v. Graham, 147 Mo. 250.   (3)
All the regular business had been transacted up to and
including the 9th of March, and the court was then ad-
journed to April 17th, to accommodate counsel in the
trial of other cases, without said respondent having any
thought of the case in controversy, and without object-
ion from any one.  On this state of facts relators and
their said counsel were guilty of inexcusable neglect in
letting twenty days of February term go by— well
knowing that respondent was disqualified to try the
case, or take any action in it--without requesting defend-
ant's attorney to agree upon a special judge during said
term and without requesting either respondent or the
clerk to order an election for special judge. In other
words, by their gross neglect of duty, they let twenty
days pass during a time when they had a complete rem-
edy by which a judge could either have been agreed
upon or one elected, and yet without any excuse what-
ever failed to take any action to protect their own inter-
ests with full knowledge of all the facts, as shown by the

record. The courts, with one accord, refuse to grant a party relief, when trouble overtakes him, where the result of his misfortune has been brought about by his own gross negligence and inexcusable neglect of duty. Field v. Matson, 8 Mo. 688; McNeish v. Stewart, 7 Cow. 474; Peers v. Davis, 29 Mo. 184; O'Conner v. Duff, 30 Mo. 599; Richardson v. Farmer, 36 Mo. 35; Gehrke v. Jod, 59 Mo. 522; Fretwell v. Laffoon, 77 Mo. 26; Shotwell v. McElhinney, 101 Mo. 682; Tittman v. Thornton, 107 Mo. 510; State v. Dreher, 137 Mo. 23; Houston's Adm. v. Thompson's Adm., 87 Mo. App. 68; 1 Graham and Waterman on New Trials (2 Ed.), 187.

MARSHALL, J.—This is an original proceeding by mandamus to compel the respondent, as judge of the circuit court of Johnson county, to extend the time to the relators for filing a bill of exceptions in the case of the relators against Mary Lynch. Upon the coming in of the return it appeared that questions of fact were involved, and the court thereupon appointed a commissioner to take testimony, find the facts and report, and granted leave to either party dissatisfied with the finding of facts by the commissioner, to file exceptions within ten days. Exceptions have been filed. The case is therefore ripe for determination.

The case made is this:

In August, 1904, the circuit court of Johnson county, of which Hon. W. L. Jarrott was then the judge, heard the case of the relators against Lynch, which was an action to set aside a deed, and took the same under advisement until the October term of the court, at which time it rendered a decree for the defendant. The plaintiffs filed a motion for new trial, which was taken under advisement until the 19th of December, 1904, and was then overruled. On the same day, the plaintiffs took leave to file a bill of exceptions on or before April 1st, 1905, and also filed an affidavit for an appeal, and

an appeal was allowed to this court. The respondent
was of counsel for the defendant. At the November
election, 1904, the respondent was elected judge of said
court, for a term to begin on the first Monday in Jan-
uary, following. The 19th of December was designated
by Judge Jarrott as the last day on which he would
hold court, and accordingly the court, after taking the
action aforesaid in this case, adjourned to court in
course, the next term of which would begin on the
second Monday in February, 1905. The respondent
qualified as such judge and held the regular February
term of the court beginning on the 13th of February,
1905. The court was held during that term for twenty
days and until the 9th day of March, when an adjourn-
ment was had until the 17th of April, 1905. All of these
facts were known to relators through their counsel, yet
during that time the relators took no steps towards hav-
ing a bill of exceptions prepared or looking towards the
selection of a special judge to settle the same, or of
otherwise meeting the difficulty in the case arising out
of the election of one of defendant's attorneys to the
office of judge of the court. During that time relators'
attorney had spoken to the stenographer about prepar-
ing a bill of exceptions and the stenographer told him
it would cost $90, and that before doing the work of pre-
paring the bill of exceptions he would have to have the
money or the assurance of the attorney that his bill
would be paid. The attorney refused to become liable
for the same.

Thus matters stood until the 23rd of March, 1905,
when relators' counsel applied to the respondent, as cir-
cuit judge, in vacation, for an extension of time for fil-
ing the bill of exceptions. The defendant's other counsel
objected to the defendant making such order on two
grounds: first, that the defendant had been of counsel
in the case, and therefore could not sit in the matter;
and second, on the ground that plaintiffs had not used

any diligence in getting the evidence transcribed, and therefore no good cause was shown for extending the time. At that time relators' counsel showed to the defendant judge that he had procured a certificate of the judgment to be filed in the office of this court, but had not actually filed the same or paid the filing fee, and had not at that time ordered a transcript of the evidence from the stenographer because his clients were poor and he had not heard from them and he did not want to bind himself to pay for the same. Defendant's counsel insisted that the relators owned a farm worth three thousand dollars, on which there was a mortgage for two thousand dollars, and that they were therefore able to pay the $90 for the transcript of the evidence. Relators' counsel then informed the defendant that he would see his clients by the 25th of March, and ascertain whether they could raise the money to pay the stenographer. Respondent thereupon refused to extend time for filing the bill of exceptions, on the ground that no good cause had been shown for granting the same. Thereafter, on the 25th of March, relators' counsel again applied to respondent, as such judge, in vacation, for an order extending the time for filing the bill of exceptions. Defendant's counsel again objected that respondent had no right to act in the matter and stated that defendant would not consent to his acting. Respondent then overruled relators' application for an extension of time, basing his action upon the ground that he had no right to act in the premises. Thereupon relators' counsel asked the respondent to call a special term of the court for the election of a special judge for the purpose of extending the time for filing the bill of exceptions. That motion being overruled, the relators applied to this court for a writ of mandamus, and an alternative writ was issued.

For the purposes of this case the foregoing is a sufficient statement of facts.

I.

Respondent, having been of counsel in the case of the relators against Lynch, was incompetent to sit in the case for the purpose of settling the bill of exceptions, without the express consent of the parties thereto, and the defendants having objected to the respondent so acting as judge, he was incompetent under section 1602, Revised Statutes 1899, from acting therein, except to order the election of a special judge.

II.

Section 1679, Revised Statutes 1899, provides that "if any judge . . . shall have been counsel for either party . . and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold court for the occasion." The statute makes other provisions necessary to effectually carry out the policy of the law in such cases.

The respondent having been the counsel in the case and being incompetent to act, the proper procedure would have been for the plaintiffs in that case to proceed under section 1679 to have a special judge elected to settle the bill of exceptions. Such action should have been had, and could have been had, at any time between the 13th of February, 1904, and the 9th of March, 1905. Such action should have been taken during the life of the period granted for filing a bill of exceptions, which in this case would expire on the 1st of April, 1905. If such steps had been taken, or if they had been attempted to be taken and the respondent had refused to allow them to be taken, a proper case for mandamus would have been presented to this court. But the uncontroverted fact in this case is that the relators took no steps

to procure the election of a special judge at any time between those dates. Much stress is laid upon the fact that in this case respondent first denied the application for an extension of the time to file the bill of exceptions, on the ground that relators had not exercised due diligence in procuring a transcript of the evidence from the stenographer, and therefore no good cause had been shown for granting such an extension, while, when the second application was made on the 25th of March, the respondent refused it on the ground that he had no power to act. In the view here taken such considerations become unimportant. The application for the election of a special judge should have been made while the court was in session. When the application was made the court was in vacation, having adjourned from the 9th of March to the 17th of April. At that time, therefore, there was no opportunity for the selection of a special judge, nor would such opportunity be presented until after the expiration of the time originally given for the filing of the bill of exceptions. Relators' counsel knew all the time, from the 19th of December until the 9th of March, that the conditions here presented would, or at any rate might, arise, yet they took no steps whatever to guard against the consequences which might ensue from not taking proper action in term time to secure the selection of a special judge. The relators have, therefore, slept on their rights and are not in a position to ask this court to exercise its extraordinary power to compel the respondent to take the action sought in this case. Such application for the selection of a special judge should have been made to the respondent while the February term of the circuit court was in session, between the 13th of February and the 9th of March. And likewise relators should have taken proper steps between the 19th of December, 1904, and the 9th of March, 1905, to procure from the stenographer a transcript of the evidence so as to have the bill of exceptions ready to be signed by the special judge, on or

before the 1st of April, 1905.   No such timely steps having been taken by the relators, a peremptory writ of mandamus is denied.

Brace, C. J., and Gantt, Burgess and Valliant, JJ., concur; Fox and Lamm, JJ., dissent.