THE STATE v. ORVILLE McLAIN, Appellant.—18 S. W. (2d) 16.

Division Two, June 4, 1929.

*Munger & Munger* for appellant.

*Stratton Shartel,* Attorney-General, and *Joseph F. Holland,* Special Assistant Attorney-General, for respondent.

COOLEY, C.—Defendant was convicted of the felonious sale of moonshine whiskey and sentenced to two years' imprisonment in the penitentiary, and he appeals.

The Attorney-General in his brief makes the point that the purported bill of exceptions is not properly authenticated and that there is, therefore, nothing before this court for review but the record proper. From an examination of the record we find that this contention must be sustained.

The information was filed and the case was tried in the Circuit Court of Stoddard County, in which county the offense is alleged to have occurred. Stoddard County is in the 22d Judicial Circuit, of which Hon. W. S. C. Walker was at the time and still is the regular judge, having been re-elected to succeed himself at the 1928 general election. After the information was filed, defendant filed application with supporting affidavits for a change of venue from Judge Walker, disqualifying him, which application was sustained and thereupon Hon. E. P. Dorris, then the regular judge of the twentieth Circuit, was by proper order called in to try the case, and it was set down for trial for August 29, 1927, before Judge Dorris. At that date Judge Dorris appeared and assumed jurisdiction of the case. It was tried on September 1, 1927. Defendant timely filed his motion for new trial, which was continued to the next term when, on January 24, 1928, it was overruled and defendant was duly sentenced, and at the same term an appeal was granted defendant and he was given ninety days in which to file a bill of exceptions. Judge Dorris presided as judge in all of these proceedings. No further proceedings in the case appear from the record until January 18, 1929, when, in vacation of court, defendant filed his bill of exceptions which purports to have been signed and allowed on January 16, 1929, by Hon. Will H. Green, judge of the Twentieth Circuit. It is signed thus: "Will H. Green, Judge of the Circuit Court of the Twentieth Judicial Circuit of Missouri and successor in office of Judge E. P. Dorris, who presided as the judge in the trial of this case." The foregoing is the only authentication of the purported bill of exceptions that appears in the record.

Judge Dorris's term of office had expired and he had been succeeded as judge of the Twentieth Circuit after the granting of the appeal and before the bill of exceptions was presented for allowance and signed.

By the provisions of Section 4039, Revised Statutes 1919, bills of exceptions in criminal cases are required to be settled, signed, sealed and filed as allowed by law in civil actions and the same proceedings may be had to procure the signing and sealing of such bills and the return thereof as in civil cases. Turning to the Code of Civil Procedure, we find provision made in Section 1463, Revised Statutes 1919, for the signing of bills of exceptions where the judge who heard the cause goes out of office before signing the bill. By that section it is provided that in such case the bill, "if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard."

Judge Walker, having been disqualified, was without authority to sign the bill of exceptions. Judge Dorris, who had gone out of office, no longer had authority to do so. [State v. Grant, 124 Mo. App. 129, 100 S. W. 1113; State v. Gordon, 196 Mo. 185, 95 S. W. 420; Coons v. Coons, 178 S. W. 484.] It appears therefore that Section 1463, supra, does not fully meet the situation here presented.

In State v. Grant, supra, the St. Louis Court of Appeals followed the then recent decision of this court in State v. Gordon, supra, in holding that a judge of another circuit called in to try a criminal case as was done here, is without authority to sign the bill of exceptions after his commission expires and he has become a private citizen. But the court intimates, arguendo, that the decision in the Gordon case indicates that the successor of such judge would be the proper person to sign the bill. This observation in the opinion in the Grant case, however, is obiter and an examination of the decision in the Gordon case will show that the court was not construing the provision of the statute involved here. In the Gordon case, Hon. Samuel Davis, Judge of the 15th Circuit, had been called in to try a criminal case in the St. Francois County Circuit Court upon the disqualification of Judge Anthony, the regular judge. There was a trial and conviction, but no judgment was rendered on the verdict at the time. Later and after the expiration of the then current terms of office of both Judge Anthony and Judge Davis, the court, with Judge Davis presiding, entered the proper judgment and sentence, nunc pro tunc. Judge Davis also extended the time for filing the bill of exceptions and eventually signed the bill. But Judge Davis had been re-elected and continued in office as judge of the 15th Circuit and this court was considering the question whether or not, he having been called in to try the case and having assumed jurisdiction, such

jurisdiction continued notwithstanding his then term of office had expired and he had entered upon another term before concluding the case. The observation of the Court of Appeals above referred to was probably based upon this language, used *arguendo*, in the Gordon case:

"It may be conceded that if Judge Davis had not been re-elected . . . . . he would have had no authority whatever to enter the *nunc pro tunc* judgment and to pass sentence upon defendant, as it was only in his capacity of judge of the circuit court of the Fifteenth Judicial Circuit that he had such authority."

In the same paragraph, however, this court says further:

" . . . but as he continued, without intermission, to be judge of that circuit, and his present or succeeding term of office as judge of said circuit, for which he had been duly elected, commissioned and qualified, commenced immediately upon the expiration of the term during which he presided at the trial of said case, there was, therefore, no vacancy in said office, and we are of opinion that he retained jurisdiction of the case."

This court further held in the Gordon case that Section 731, Revised Statutes 1899, now Section 1463, Revised Statutes 1919, did not apply "because Judge Davis did not go out of office within the meaning of that section, but continued in office, and under such circumstances he alone had authority to sign the bill." The Gordon case is not authority for holding that on the facts shown here, Judge Green, successor in office to Judge Dorris, was "the succeeding or acting judge of the court where the case was heard," within the meaning of Section 1463. Judge Dorris, though a circuit judge, had no authority to preside in the Stoddard Circuit Court except by reason of being requested to do so by the judge of that court; and even in the case he was called to try he could not have called another judge had he himself become disqualified or unable to proceed with the case. That authority is vested in the regular judge of the court. [State v. Hudspeth, 159 Mo. 178, 1. c. 210, 211, 60 S. W. 136; State v. Gillham, 174 Mo. 671, 74 S. W. 859.] Without statutory authority, the mantle of his office as judge of the 20th Circuit falling on his successor could not invest such successor with authority to act in a court outside his own circuit.

The only case directly in point on the fact that we have been able to find after careful research, is Coons v. Coons, 178 S. W. 484. In that case the regular judge, Hon. W. S. C. Walker, was disqualified, having been of counsel, and Hon. Charles B. Faris, Judge of the 28th Circuit, was called in to try the case and did so. The bill of exceptions was signed after Judge Faris went out of office by *his* successor, Judge Frank Kelly, and also by Judge Walker. This court held that both were without authority to sign, Judge Walker

because he was disqualified, having been of counsel, and Judge Kelly because, while he was successor of Judge Faris as Judge of the 28th Circuit, he was not the judge of the court where the cause was tried. The court further says that the only course left appellants was to have a special judge elected for the purpose of settling and signing the bill of exceptions, citing State ex rel. v. Bradley, 194 Mo. 166, 92 S. W. 464.

That course might have been pursued here under the provisions of Section 2441 and 2446, Revised Statutes 1919, which have been held applicable to criminal as well as civil cases. [State v. Downs, 164 Mo. 471, 65 S. W. 258.] We think, however, that since this is a criminal case, the defendant and prosecuting attorney might have agreed upon a special judge, under the provisions of Section 3992, Revised Statutes 1919, and if they failed so to do, the regular judge might have called in the judge of another circuit to take over jurisdiction of the case, under Section 3994, Revised Statutes 1919. The settling and allowing of a bill of exceptions is an important part of the proceeding in a case, and the provisions of the code of criminal procedure contemplate that there shall be at all stages of the case a judge competent to act and unbiased. [See State ex rel. Sansone v. Wofford, 111 Mo. 526, 20 S. W. 236.] In that case the judge who tried the case died before the bill of exceptions was settled and his successor, having been of counsel, was held incompetent to settle and allow the bill. The action was mandamus to compel him to order the election of a special judge to act in that matter. The peremptory writ was ordered. The election therein referred to, however, was that provided by Section 4175, Revised Statutes 1889, which then required the judge of the court, when disqualified in a criminal case, to empower by order of record three or more members of the bar to elect a special judge. If no suitable person would serve when elected, or if the judge was of the opinion that no suitable person could or would be elected, he was empowered by a subsequent section to call in the judge of another circuit. In 1895, after that case had been decided, Section 4175, Revised Statutes 1889, was amended so as to authorize the defendant and prosecuting attorney to agree upon a special judge when the regular judge is disqualified, substantially as Section 3992, Revised Statutes 1919. But since that amendment of the statute such agreement or "election" is optional with the parties (State v. Gillham, supra) so that the holding in State ex rel. Sansone v. Wofford, supra, that the judge, being disqualified, had no authority to take any action other than to order an election would not now be applicable. But the case is authority for the proposition that the provisions of the criminal code for supplying a competent judge when the regular judge is disqualified are intended to apply at any stage of the proceedings when the necessity

therefor arises, whether that be before trial or at some later time in the progress of the case. Such is the practical and common sense interpretation of the statute.

It was evidently the legislative intent that no litigant should be deprived of his statutory right to a hearing on appeal because the judge before whom his case was tried went out of office before a bill of exceptions could be procured. But it is also apparent that ample provision has been made whereby that result can be attained without giving to any portion of the statute law a strained construction, such as we think would have to be given to Section 1463 in order to hold that it authorized Judge Green to settle and allow the bill of exceptions in this case. And of course he was not authorized to do so by any other statute.

There being no properly authenticated bill of exceptions, there is nothing here for review but the record proper. [Coons v. Coons, supra; State v. McCullough, 289 S. W. 814; State v. Gholson, 292 S. W. 27.] We find the record proper free from error.

The judgment, therefore, is affirmed. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All of the judges concur.