EX PARTE J. SHERWOOD SMITH.

Springfield Court of Appeals. August 12, 1938.

*Ray B. Lucas* for petitioner.

*W. P. Wilkerson* for respondent.

SMITH, J.—The petition presented to us gives a history of the proceedings in this case, and sets out the reasons given for asking for the Writ, so we quote the petition, as follows:

"Your petitioner, J. Sherwood Smith, respectfully respresents that he is unlawfully and wrongfully imprisoned, detained, confined and restrained of his liberty at Benton, Scott County, Missouri, by Mrs. Pauline Anderson, Sheriff of the County of Scott, State of Missouri; that said imprisonment, detention, confinement and restraint are illegal, and that the illegality thereof consists in this, to-wit: That at the August Term, 1937, of the Circuit Court of Scott County, Missouri, your petitioner, J. Sherwood Smith, was indicted by the Grand Jury of said County by a true bill returned by said Grand Jury, charging your petitioner with embezzlement of the sum of One Hundred Fifty-six and 92/100 Dollars ($156.92), on November 21, 1933, and said indictment was filed in said Circuit Court on August 25, 1937, and a Capias was issued for your petitioner and he was arrested and taken into custody by the Sheriff of said County on the 26th day of August, 1937; and on the same day he made bond in the sum of $1,000.00, which bond was duly approved; that the said case of State of Missouri v. J. Sherwood Smith was numbered 2724 in said court and was placed on the trial docket for the November Term, 1937, of said court; that at the November term of said court, your petitioner filed his petition to disqualify the regular Judge of said Circuit Court of Scott County, Missouri, to-wit: the Honorable Frank Kelly, for the reason that the said Honorable Frank Kelly would not afford said defendant a fair trial because the said Judge was prejudiced against the defendant and biased in favor of the State, which said petition was duly filed in the Circuit Court of Scott County, Missouri, on November 24, 1937; that in support of said petition for change of venue, your petitioner filed five supporting affidavits and two affidavits by citizens of Scott County, Missouri, who were not of kin to, or counsel for, the defendant, all as required by the statutes, and that upon the filing of said application and affidavit for a change of venue from the regular judge, namely, Honorable Frank Kelly, the said regular judge examined said petition and affidavits and found same to be sufficient and granted your petitioner a change of venue by disqualifying himself in said cause. That the Prosecuting Attorney of Scott County, Missouri, and counsel for your petitioner stipulated and agreed that the Honorable J. C. McDowell, of Mississippi County, Missouri, who possessed the qualifications of a Judge of the Circuit Court, should act as Special Judge in said cause, and thereafter, on November 24, 1937, the said Special Judge, namely, Honorable J. C. McDowell, subscribed to the statutory oath and filed his oath in the Circuit Court of Scott County, Missouri, on said date. That said cause was docketed for trial in the Circuit Court of Scott County, Missouri, for December 4, 1937, and during the regular November term of said court. That said case was called for trial on December 4, 1937, before the Honorable J. C. McDowell as Spe-

cial Judge, and your petitioner, the defendant in said case, entered a plea of guilty to the indictment, and your petitioner was thereupon sentenced for a term of two years to the Missouri penitentiary; thereafter, and on the same date, your petitioner filed his application for parole before the said J. C. McDowell as Special Judge, and while the said J. C. McDowell was still occupying the bench in said cause, and that in support of the application for parole your petitioner produced fifteen honorable and reputable citizens of Scott County, Missouri, who testified to the said court and Judge that in their opinion your petitioner should be paroled and that he would not again violate the law, but would properly conduct himself as a law abiding citizen; that after hearing said testimony the said Special Judge, while occupying the bench in said case, granted a parole to your petitioner on the 4th day of December, 1937, and your petitioner was duly paroled. Thereafter, on December 27, 1937, and during the November Term of said court the Prosecuting Attorney of Scott County, Missouri, filed a motion in writing before the Honorable Frank Kelly, the Judge of said court, which motion requested the parole as issued to your petitioner to be revoked, because as alleged in said motion that said parole was obtained by the perpetration of a fraud upon the court, in that your petitioner called upon a number of the grand jurors who indicted him and represented to each of them that he would pay, or had paid, all shortages found against him by the State Auditor before the trial of said cause, and that the Prosecuting Attorney had agreed with him that the Special Judge would parole him, and that the Prosecuting Attorney had consented thereto, and said motion alleged that said statements were false and untrue and that by means of these statements the Special Judge did parole your petitioner after a plea of guilty. That thereafter, and on the 31st day of December, 1937, the Prosecuting Attorney of Scott County, Missouri, filed an amended motion to revoke the parole, setting up in said motion that the parole had been obtained by a fraud practiced upon the Special Judge who granted the parole. And that on the 28th day of December, 1937, the Honorable Frank Kelly, the regular Judge of the Circuit Court of Scott County, Missouri, caused a citation to be issued to your petitioner requiring him to appear on December 31, 1937, before the said Honorable Frank Kelly and show cause why the parole should not be revoked, which said citation was duly served by the Sheriff of Scott County, Missouri, on your petitioner on the 28th day of December, 1937. That thereafter, on the 31st day of December, 1937, the Prosecuting Attorney of Scott County, Missouri, filed the amended motion to revoke, as hereinabove alleged, and the Honorable Frank Kelly, the regular Judge of said court, proceeded to hear testimony and evidence as offered by the Prosecuting Attorney in support of said motion to revoke, and said cause was then continued un-

til the 30th day of March, 1938, and during the March term of said Circuit Court of Scott County, Missouri, at which time the Honorable Frank Kelly, the regular Judge of said Court, proceeded to hear additional testimony offered by the Prosecuting Attorney in support of said motion, and to hear testimony offered by your petitioner in opposition to said motion, and said cause was again continued until April 14, 1938, and during the regular March term of said court, and that on April 14, 1938, the Honorable Frank Kelly, the regular Judge of said court, heard additional evidence offered by the Prosecuting Attorney in support of said motion and additional testimony offered by your petitioner in opposition to said motion, and after hearing all the testimony as offered, the Honorable Frank Kelly, the regular Judge of said court, revoked the parole of your petitioner and ordered the Sheriff of Scott County, Missouri, namely, Mrs. Pauline Anderson, to immediately take your petitioner into custody and deliver him to the warden of the Missouri State Penitentiary at Jefferson City for the purpose of serving the two-year sentence which had been imposed upon him by the Special Judge.

"Your petitioner alleges that he is illegally restrained of his liberty by said Sheriff for the following reasons, to-wit:

-1-

"That the parole granted to him was properly and legally granted and was not subject to termination by the Honorable Frank Kelly as Judge of said court, because he, the Honorable Frank Kelly, had been disqualified to act in said case, and the order of the said Frank Kelly in terminating and revoking said parole was without authority or warrant of law, as he had been legally and properly disqualified from passing any judgment or making any orders in said case, to-wit: State of Missouri v. J. Sherwood Smith, Number 2724 of the Circuit Court of Scott County, Missouri, and that the said Honorable Frank Kelly having been legally disqualified was and had been divested of all authority and jurisdiction in said case and could not try said case on its merits and could not pass upon any motion which required the judicial determination of any matter based upon facts in the case, and the judgment and order of the Honorable Frank Kelly in revoking the parole of your petitioner and the sentence rendered therein is void and subject to collateral attack because rendered without jurisdiction.

-2-

"Because the Honorable Frank Kelly did not revoke said parole under the statutory provisions providing for revocation or termination of parole, but that he, the Honorable Frank Kelly, revoked the parole of your petitioner *for cause* and he acted upon a motion and heard testimony offered under said motion and was acting in the mat-

526

ter wholly *for cause,* and he was without jurisdiction to act *for cause* in said matter by reason of him having been previously disqualified from hearing any part or phase of said case of State of Missouri v. J. Sherwood Smith, except to pass upon the sufficiency of the disqualifying petition and affidavits.

-3-

"That the action of the Honorable Frank Kelly upon the motion to revoke the parole was wholly void and illegal.

-4-

"That the Honorable Frank Kelly in hearing the evidence offered in support for said motion to revoke acted contrary to law and without jurisdiction and rendered a judgment that was wholly unsupported by any evidence, and there was no evidence offered by the Prosecuting Attorney under said motion that in any wise tended to prove that your petitioner obtained a parole from the Special Judge by practicing any fraud or misrepresentation upon said Special Judge, and that said motion was wholly unsupported by evidence of any character, and the finding and order of said Honorable Frank Kelly was arbitrary and based entirely upon his prejudice against your petitioner, and the finding and judgment made by the said Judge is void and illegal, and that your petitioner's commitment thereunder is wholly void and illegal.

-5-

"Because the Honorable Frank Kelly entered his order revoking said parole because of reasons alleged to have occurred before the conviction of your petitioner and said reasons were wholly unsupported by any evidence in the case, and even had they been supported by evidence they would have been wholly insufficient for any court or Judge to revoke the parole given to your petitioner, because facts or allegations occurring prior to conviction are not to be considered by the court in the revocation of a parole granted after said facts are alleged to have occurred, and, further, said facts were alleged to have occurred prior to the time that the Honorable Frank Kelly was disqualified from acting as Judge in said cause, and his order in revoking said parole is without authority and is void.

"A copy of the order and judgment of the court under which your petitioner is restrained of his liberty and under which he is committed to the custody of the Sheriff of Scott County, Missouri, is herewith attached.

"This application for a Writ of Habeas Corpus is made to this court for the reason that the Judge of the Circuit Court of Scott County, Missouri, is not in Scott County, Missouri, and for the further reason that the said Judge of the Circuit Court of Scott County, Missouri, is disqualified to act in said matter.

"Your petitioner further states that no application for the relief sought has been made to, or refused by, any court, officer, or officers superior to the one to whom this petition is presented.

"Wherefore, your petitioner prays that a Writ of Habeas Corpus may be issued, and that he may be discharged from said unlawful imprisonment."

On the 20th day of April, 1938, an order of this court was made granting the Writ, commanding the Sheriff, Mrs. Pauline Anderson, to have the body of J. Sherwood Smith before this Court on May 26, 1938, then and there to be dealt with according to law.

It was stipulated by and between the parties that service of the Writ would be waived and service acknowledged by Mrs. Pauline Anderson. It was also stipulated and agreed that production of the body of J. Sherwood Smith would be waived.

Mrs. Anderson, the sheriff, made her return to the Writ in which she alleged the indictment of J. Sherwood Smith, and attached a copy of the indictment. She further alleged the disqualification of the regular Judge and that J. C. McDowell was agreed upon and was appointed to hear and try the case and that on December 4, 1937 before said Special Judge, J. Sherwood Smith entered a plea of guilty to the crime of embezzlement as charged in the indictment and his punishment was fixed at imprisonment in the Missouri State Penitentiary for a term of two years, and that thereafter on the same day after a petition was filed and a hearing had thereon, the Special Judge granted a parole to the defendant.

The return concludes as follows:

"Respondent further says that thereafter and at the March, 1938, Term of the Circuit Court of Scott County, Missouri, and on the 14th day of April, 1938, the Hon. Frank Kelly, the regular Judge of said Circuit Court, ordered the parole of the said Petitioner herein revoked and further ordered your Respondent to remove and convey the said Petitioner herein to the Missouri State Penitentiary and ordered him to serve his sentence as entered of record on the 4th day of December, 1937. A certified copy of said order revoking Petitioner's parole is hereto attached, marked Exhibit 'D', and by reference made a part hereof.

"Respondent further says that she has the said Petitioner herein under her power and in her custody by virtue of the aforementioned order of the Circuit Court of Scott County, revoking Petitioner's parole and directing your Respondent to safely convey him to the Missouri State Penitentiary, a certified copy of which order is hereto attached, marked Exhibit 'D', as aforesaid.

"Wherefore, Respondent Pauline Anderson, having made this her return to the Writ of Habeas Corpus heretofore issued, and having

shown to this Court that Petitioner herein is not illegally and unlawfully deprived of his liberty, prays that said writ be quashed and that Petitioner be remanded to the custody of the Respondent.''

The Exhibit D referred to in the above return, caption, signature and jurat omitted, is as follows:

## "ORDER REVOKING PAROLE

"Now, on this day comes the State, by the Prosecuting Attorney, and also comes the Defendant herein in person and by his attorney, Ray B. Lucas, and this cause having heretofore been submitted to the Court, is now again taken up and submitted to the Court.

"Comes now the Defendant by Attorney and files Motion to Dismiss Amended Motion to Revoke the Parole and to Disqualify the Judge; which said Motion is now taken up and submitted to the Court and is by the Court overruled, to which ruling of the Court Defendant, by his Attorney, objects and excepts.

"And the submission of this cause is proceeded with to the conclusion thereof.

"The Court having seen and heard all of the evidence offered by the State and by the Defendant and having heard the argument of Counsel and being now sufficiently advised of and concerning the premises does find the facts as presented show that the defendant made false statements to the several members of the Grand Jury as to his paying off the amounts of the several shortages and to one of them that he had consulted W. P. Wilkerson, the Prosecuting Attorney, who said, as the defendant alleged, that it was all right for the juror to sign the petition to the Court for a Parole, and the Court finds that the said statements made by the defendant to secure their signatures to said petition was false and amounted to a fraud in the proceedings to secure a parole and regardless as to the effect it had on the Special Judge, or whether it influenced him or not, such statements made were false and amounted to a fraud that vitiated the whole proceedings in securing the parole, and for that reason, and for that reason alone, the parole is revoked and the sentence ordered executed and the defendant ordered into the custody of the Sheriff.

"IT IS, THEREFORE, THE ORDER OF THE COURT, That the Parole granted Defendant in this case on the 4th day of December, 1937, be and is hereby revoked; and that the Defendant herein, J. Sherwood Smith, be remanded to the custody of the Sheriff of Scott County, Missouri; and that the Sheriff of this County shall remove and convey the said Defendant to the Missouri State Penitentiary that the sentence and judgment of this cause entered of record on the 4th day of December, 1937, shall be in all things complied with; and the Warden of said Penitentiary is required to receive and safely keep the said Defendant in the said Penitentiary until the

judgment and sentence herein be complied with, or until the said Defendant shall be otherwise discharged by due course of law.''

The Reply to the Return of Writ which was filed in this court on May 10, 1938, caption, signature and jurat omitted is as follows:

''In the Springfield Court of Appeals of Missouri,

Ex Parte J. SHERWOOD SMITH.

''Comes now J. Sherwood Smith, the Petitioner herein, and for his reply to the Writ of Habeas Corpus, which return has been filed by Mrs. Pauline Anderson, alleges as follows:

''(1)   That the Writ of Habeas Corpus was issued by this Court on the 20th day of April, 1938, and duly served on the Respondent, Mrs. Pauline Anderson, and she thereafter filed her return on or about April 29, 1938.

''(2)   Petitioner admits that at the August Term, 1937, of the Circuit Court of Scott County, Missouri, he was duly indicted by the Grand Jury, as alleged in the return.

''(3)   Petitioner admits that at the November Term, 1937, of the Circuit Court of Scott County, Judge of said Circuit Court by filing a disqualifying affidavit, a certified copy of which is hereto attached as Exhibit '1' and that Honorable J. C. McDowell was agreed upon as Special Judge to hear and try the case, as alleged in the return.

''(4)   Petitioner admits that on or about December 4, 1937, and during the regular November term of said Circuit Court and before the said Special Judge, the Petitioner entered a plea of guilty, and his punishment was fixed at two years in the Penitentiary.

''(5)   Petitioner admits, as alleged in said return, that on the same day that he was sentenced that he filed an application for parole before the said Special Judge, and that petitioner was granted a parole by said Special Judge, and that thereafter the said Special Judge adjourned his court, as alleged in said return.

''(6)   Further replying to said return, the petitioner alleges that during the November term, 1937, of said court that the Prosecuting Attorney of Scott County, Missouri, filed a motion to revoke said parole for cause, as allaged in said motion, and that said motion was filed before the regular Judge of the Circuit Court of Scott County, Missouri, namely, the Honorable Frank Kelly, and that a certified copy of said motion is herewith filed and made a part of this reply and marked Exhibit '2', and that during the November term, 1937, of said court evidence was introduced by the Prosecuting Attorney in support of said motion to revoke, and that the said motion was continued to the March term, 1938, for further hearing. That a copy of said motion has been duly filed with the petition herein. That said motion requested that the parole as issued to your petitioner be revoked because, as alleged in said motion, had been obtained by the

perpetration of a fraud upon the court in that your petitioner had called upon a number of the Grand Jurors who had indicted him, and that your petitioner had represented to each of the former Grand Jurors that he would pay, or had paid, all shortages found against him by the State Auditor before the trial of said cause, and that the Prosecuting Attorney had agreed with him that the Special Judge would parole him, and that the Prosecuting Attorney had consented thereto, and said motion alleged that said statements were false and untrue, and that by means of these statements the Special Judge did parole your petitioner after a plea of guilty had been entered. After said motion to revoke had been filed the Honorable Frank Kelly, the regular Judge of said Court, and during the November Term, 1937, of said Court, caused a citation to be issued to your petitioner requiring him to appear on December 31, 1937, before the Honorable Frank Kelly and show cause why said parole should not be revoked, and said citation was duly served on your petitioner on December 28, 1937. That after testimony had been taken on said motion by the regular Judge of said Court during the November term, 1937, the motion was continued for further hearing until the March Term, 1938, for the taking of further testimony. That further testimony was taken in support of said motion and in opposition to said motion by the regular Judge of said Court, and on April 14, 1938, and during the March term of said Court, the Honorable Frank Kelly, the regular Judge of said Court, revoked the parole of your petitioner, as alleged in the return.

"(7) Your petitioner alleges that before any testimony was taken on said motion to revoke that your petitioner caused to be filed in said cause a motion to overrule the motion to revoke, a certified copy of which motion to overrule is hereto attached as Exhibit '3' to this reply, and that said motion was duly overruled by the regular Judge.

"(8) That thereafter and on the 14th day of April, 1938, and before said parole to your petitioner was revoked, your petitioner caused to be filed a motion styled, 'Motion to Dismiss and to Disqualify Judge,' a certified copy of which motion is hereto attached as Exhibit '4' to this reply, and which motion was by the Regular Judge duly overruled on April 14, 1938, and before said order of revocation was entered.

"(9) That the regular Judge of said Court in revoking the parole on April 14, 1938, entered an order revoking said parole for the reasons set out in said order, which is Exhibit 'D' to the return herein, and the revocation of said parole was based entirely upon the reasons set out in said order, as shown on the face of said order.

"(10) Your Petitioner for further reply to said return alleges that he is illegally restrained of his liberty by the said Sheriff of Scott County, Missouri, for the following reasons, to-wit:

"(a)  That the parole granted to him was properly and legally granted and was not subject to termination by the Honorable Frank Kelly as Judge of said Court, because he, the Honorable Frank Kelly, had been disqualified to act in said case, and the order of the said Honorable Frank Kelly in terminating and revoking said parole was without authority or warrant of law, as he had been legally and properly disqualified from passing any judgment or making any orders in said case, to-wit: State of Missouri v. J. Sherwood Smith, Number 2724 of the Circuit Court of Scott County, Missouri, and that the said Honorable Frank Kelly having been legally disqualified, was and had been divested of all authority and jurisdiction in said case and could not try said case on its merits and could not pass upon any motion which required the judicial determination of any matter based upon facts in the case, and the judgment and order of the Honorable Frank Kelly in revoking the parole of your petitioner and the sentence rendered therein is void and subject to collateral attack because rendered without jurisdiction.

"(b)  Because the Honorable Frank Kelly did not revoke said parole under the statutory provisions providing for revocation or termination of parole, but that he, the Honorable Frank Kelly, revoked the parole of your petitioner *for cause,* and he acted upon a motion and heard testimony offered under said motion and was acting in the matter wholly *for* cause, and he was without jurisdiction to act *for cause* in said matter by reason of him having been previously disqualified from hearing any part or phase of said case of State of Missouri v. J. Sherwood Smith, except to pass upon the sufficiency of the disqualifying petition and affidavits.

"(c)  That the action of the Honorable Frank Kelly upon the motion to revoke the parole was wholly void and illegal.

"(d)  That the Honorable Frank Kelly in hearing the evidence offered in support of said motion to revoke acted contrary to law and without jurisdiction and rendered a judgment that was wholly unsupported by any evidence, and there was no evidence offered by the Prosecuting Attorney under said motion that in any wise tended to prove that your petitioner obtained a parole from the Special Judge by practicing any fraud or misrepresentation upon said Special Judge, and that said motion was wholly unsupported by evidence of any character, and the finding and order of said Honorable Frank Kelly was arbitrary, and based entirely upon his prejudice against your petitioner, and the finding and judgment made by the said Judge is void and illegal, and that your petitioner's commitment thereunder is wholly void and illegal.

"(e)  Because the Honorable Frank Kelly entered his order revoking said parole because of reasons alleged to have occurred

before the conviction of your petitioner and said reasons were wholly unsupported by any evidence in the case, and even had they been supported by evidence, they would have been wholly insufficient for any court or Judge to revoke the parole given to your petitioner, because facts or allegations occurring prior to conviction are not to be considered by the court in the revocation of a parole granted after said facts are alleged to have occurred, and further, said facts were alleged to have occurred prior to the time that the Honorable Frank Kelly was disqualified from acting as Judge in said cause, and his order in revoking said parole is without authority and is void.

"Wherefore, your petitioner prays that he be discharged from said unlawful imprisonment."

The issue is definite in this proceeding. It may be narrowed down to the one question, namely, Since Judge Kelly was disqualified to hear and determine the issues on the charge of embezzlement against J. Sherwood Smith, did he have a right under the law and the facts in this case to act in the revocation of Smith's parole? There is but little controversy over the facts. What is our duty under the law and the facts in this case? It is suggested that this court is without jurisdiction because the proceeding has to do with the paroling and the revoking of the parole of one convicted of a felony.

As earnestly as we might desire that this court be without jurisdiction, yet it has been definitely determined that this court does have jurisdiction to grant Writs of Habeas Corpus in felony cases. [Workman v. Turner (Mo. App.), 283 S. W. 61; Child Sav. Institute v. Knobel et al. (Mo.), 37 S. W. (2d) 920; State ex rel. v. Mueller (Mo. App.), 59 S. W. (2d) 719.]

It is insisted by the Prosecuting Attorney in this case that the Special Judge had no power to parole, and that his powers ceased at the time of his determination of guilt and the sentence. Or in other words he was called for the specific purpose of passing on his guilt or innocence, with the judgment or infliction of punishment, and that there his duties ceased, and that he had no authority to parole.

We think that contention is error. We note that the Prosecuting Attorney cites and relies upon the case of State ex rel. v. Kelly, 274 S. W. 731, 309 Mo. 465, 472. As we read all of that case we find that later in the same opinion, the Supreme Court held when passing on the question of paroling a person convicted of a felony, as follows:

"What has just been said with reference to the power of the Special Judge called to try a criminal case to grant a parole is intended to be confined to cases falling within the purview of Section 4156,

Revised Statutes, 1919. While the statutes relating to change of venue and change of judge limit the powers of a special judge to *the trial of the cause*, it was of course competent for the Legislature in the subsequently enacted Parole Statute to confer upon such judge the additional power of granting paroles. We find only one section of the latter statute which can be so construed and that is Section 4157, Revised Statutes 1919, which deals solely with the parole of persons who have been convicted of a felony and whose punishment has been assessed at imprisonment in the penitentiary. It provides that "when any person . . . shall be convicted . . . of any felony . . . and imprisonment in the penitentiary shall be assessed . . . the court before whom the conviction was had . . . may in his discretion, by order of record, parole such person.' The language, 'the *court* before whom the conviction was had . . . may in *his* discretion, by order of record, parole such person,' indicates that 'court' is used in the sense of 'judge'. But it is also plain that under this section 'the judge before whom the conviction was had' is not authorized to parole the defendant in vacation, but only while sitting as a *court*."

Section 4157, Revised Statutes 1919, referred to above is Section 3811, Revised Statutes 1929. As we read the above quotation it seems plain that the Supreme Court construed the law to mean with reference to "the court" and "his discretion" that it referred to the particular Judge of the Court who tried the case. It may be noted that in the above quotation from the Supreme Court, we find this particular language, "It was of course competent for the Legislature in the subsequently enacted Parole Statute to confer upon such judge the additional power of granting paroles." And as we view the instant case in the light of the above opinion we are forced to the conclusion that the special judge not only had the right to grant the parole, but we are also forced to the conclusion that at the time of the attempted revocation of the Parole by the regular judge, the regular judge was without authority to do so.

It may be conceded that at the time of the commission of the offense of embezzlement in 1937, as charged in the indictment, the law with reference to the duty of a special judge was not clear, or to express it in another way, it was not clear as to who had jurisdiction over criminals who had been convicted under the supervision of and by a special judge. In other words the Legislature and the courts had not made it clear just how far the jurisdiction of a special judge extended in a case of this kind. But before this Special Judge was selected to try this case, the Legislature had spoken and in such a manner, we think, as to make it clear that the regular Judge had no authority to revoke a parole granted by a special judge. We refer now to an act of the Legislature approved

June 24, 1937, which created the Board of Probation and Parole, prescribing the powers, duties, etc. This act is shown in Laws of Missouri 1937, page 400 to 403, and was in effect prior to the date of the selection of the Special Judge in this case and of course prior to the date of the trial of J. Sherwood Smith, and the last part of Section 10 of that act provides, ''such Court or the judge thereof upon admitting such convicted person to probation shall retain general jurisdiction over such person and over its judgment and sentence and may at any time revoke said probation and sentence such convicted person for the offense for which he was convicted.''

Taking the same reasoning as used by the Supreme Court in 309 Missouri, supra, we think the term ''such Court or the Judge thereof'', as used in the 1937 Laws, supra, means the judge that granted the parole, whether he be the regular judge or the special judge. As we view it, especially since the Legislature acted in 1937, there can be no question as to which judge retains and has general jurisdiction over the person paroled and over the judgment rendered in connection with the trial and disposition of the individual charged. The regular judge, of course, has administrative jurisdiction, and could call to the attention of the special judge any matters filed with reference to the paroled person, and since the special judge had taken an oath, as he was required to do, that oath covered his entire duties in connection with the case whether in the trial of the case or in jurisdiction over such judgment and over such person until he is finally discharged, or the parole is revoked by the special judge and he is committed to prison. That may seem to be an extra burden placed upon the special judge, or it may appear to be a rather burdensome way to finally determine such cases, but when fully considered, it is not an unreasonable conclusion. Our laws are fixed, and fully determined by judicial construction, that an accused has a right to disqualify a regular judge who is prejudiced, and there are statutory provisions for calling in a special judge as was done in this instance.

We think, and hold, that when the regular judge was disqualified, and a special judge was selected, and took the oath as such special judge, that he, the special judge, ''shall retain general jurisdiction over such person and over its judgment and sentence and may at any time revoke said probation and sentence such convicted person for the offense for which he was convicted.'' [Laws 1937, p. 403.]

Of course the regular judge has administrative control of his court, and when any matters are presented in connection with a case in which he has been disqualified, he has power to call and he should call the matter to the attention of the special judge who has taken an oath to do all things lawfully in connection with the case. It is not enough to argue that the special judge might be gone, or not

available, or had died. Under such circumstances the regular judge could call in some other judge who could act, or the defendant and the prosecuting attorney could agree upon some one to pass on the petition to revoke the parole. The Supreme Court in the case of State v. McLain passed upon a somewhat similar question. [See 18 S. W. (2d) 16; 323 Mo. 32; State v. Myers (Mo.), 14 S. W. (2d) 447.]

We cannot escape the conclusion that where the regular judge has been disqualified, as was conceded to be the case here, he had no right to act in any way in connection with the case, except in the matter of calling the case to the attention of the special judge, or in selecting some other judge according to law to pass on the matter. It is unreasonable to think that where the judge had been disqualified under the provisions of our statutes, that he should assume to revoke a parole granted by a special judge, and that revocation being for cause, as stated by the regular judge in his decree of revocation as hereinbefore shown. We think the Legislature in 1937 by its act above referred to, has helped to clarify the situation, so that there can be no question but that the regular judge in this instance acted without authority in attempting to revoke the parole and that his acts in so doing were void and of no effect. It is our conclusion that our Writ should stand and that so far as the order of the regular judge revoking the parole is concerned, that order should be set aside and for naught held, and it is so ordered. But in this case there is a petition on file with the clerk of the Circuit Court of Scott County praying for the revocation of the parole of J. Sherwood Smith. This petition should be passed on by the Special Judge in this case, or by some other judge legally selected, and this cause should be remanded to be considered as herein suggested. It is so ordered.

*Allen, P. J.,* and *Fulbright, J.,* concur.